Melvin **COLLINS**, Appellant,

v.

**STATE of Missouri**, Respondent.

**No. 56874.**

Supreme Court of Missouri,
Division No. 1.

April 10, 1972.

Motion for Rehearing or to Transfer to
Court en Banc Denied May 8, 1972.

Grantham & Welsh, David L. Welsh,
Bridgeton, for appellant.

John C. Danforth, Atty. Gen., G. Michael
O'Neal, Asst. Atty. Gen., Jefferson City,
for respondent.

WELBORN, Commissioner.

Appeal from judgment dismissing, without a hearing, motion under Supreme Court Rule 27.26, V.A.M.R., to set aside two judgments of conviction of murder, first degree, and judgment of conviction of assault with intent to rob, entered on pleas of guilty.

On February 19, 1971, Melvin Collins filed his pro se motion under Supreme Court Rule 27.26, V.A.M.R., to set aside his three convictions. The grounds for relief, as summarized in appellant's brief here, were:

"a. That the three indictments were fatally defective.

"b. That the trial court erred when it ordered him to Fulton State Hospital No. 1 for a psychiatric examination and then did not properly resolve his mental competency before accepting his guilty plea.

"c. That he was not afforded effective assistance of counsel before or during the critical stages of his trial before entering a coerced plea of guilty.

"d. That his plea of guilty was involuntary and the totality of events and circumstances which preceded his coerced guilty plea were in violation of his constitutional rights."

On April 22, 1971, without a hearing and without appointing counsel, the trial court dismissed the motion. The court found that grounds (c) and (d) had been raised in a prior motion and determined adversely to the movant. See Collins v. State, Mo., 450 S.W.2d 186. The court held that points (a) and (b) could have been raised in the prior motion and were therefore precluded under subparagraph (d) of Supreme Court Rule 27.26, V.A.M.R. The court further found that, as a matter of law, those grounds afforded no basis for relief.

■ On this appeal, appellant contends that his motion set forth new grounds for relief and that he is not precluded from raising them now because they were not known to him at the time of his first motion. This argument is directed to grounds (a), (b) and (c) of the motion. No attempt is made to demonstrate that the trial court's ruling was erroneous as to ground (d). Nor does appellant attack the trial court's alternative basis for its ruling on ground (a). The attack on the indictments was on the murder charges only and was based upon the failure to charge there that "leaden balls shot out of the pistol did strike and penetrate" the victim. The trial court's ruling that such omission did not render the indictments void was based upon State v. Brookshire, Mo., 368 S.W.2d 373, 380–381[1]. The trial court's determination of this issue as a matter of law was correct and there is no necessity to reach the alternate ground of the trial court's ruling.

■ The appellant does attack the trial court's alternate disposition of ground (b) as a matter of law. Relying on the decision of the United States District Court for the Western District of Missouri in Brizendine v. Swenson, 302 F.Supp. 1011, appellant contends that the fact that he had been subjected to an examination to determine his competency to stand trial and whether he had a mental disease excluding criminal responsibility (Chapter 552, RSMo 1969, V.A.M.S.) required the trial court to conduct a hearing on the issue of mental competency, although the report of psychiatric examination found no lack of competency and although no exception to the report was taken by the defendant.

In McCormick v. State, Mo., 463 S.W.2d 789, this court rejected the contention that federal constitutional standards require a hearing in such circumstances and held that § 552.020, RSMo 1969, V.A.M.S., in providing that the trial court *may* conduct a hearing in such circumstances meets federal constitutional requirements. That decision sustains the trial court's alternative basis for dismissal of the movant's motion on this ground. No facts are alleged in the motion, other than that the request for examination was granted, which would give rise to a situation comparable with that in Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815. Nor is the situation comparable to that of the Brizendine case, supra, where the defense attorney continued to advance the issue of competency after an adverse finding on an examination.

On the prior appeal, the court disposed of what it described as a "veiled contention" of ineffective assistance of counsel based upon his attorney's lack of experience in criminal law. Here appellant says that his motion in the prior proceeding did not allege a denial of effective assistance of counsel in failing to protect appellant's rights under Chapter 552, supra. Therefore, he asserts the trial court should not have dismissed the motion on the ground that the issue of effective assistance of counsel now raised had been determined on the prior motion.

■ Without regard for the reason given by the trial court, its denial of relief on the ground alleged is, as a matter of law, justifiable. The motion grounds the ineffective assistance of counsel upon an alleged duty upon counsel, once a request for examination under Chapter 552, supra, had been made and a report such as that here involved had been received, to demand a judicial determination of the defendant's competency to stand trial. No such duty is imposed upon defense counsel. Defense

472

counsel, from an abundance of caution and particularly where serious offenses are involved, frequently request mental examination of the defendant under Chapter 552, supra. In the absence of contrary indication (and none is here alleged), upon receipt of a report that the defendant is competent to stand trial, defense counsel is not obliged to pursue the question and to demand a judicial hearing on the issue.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.