John Wayne GRIGGS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 56860.

Supreme Court of Missouri,
Division No. 2.

April 10, 1972.

Motion for Rehearing or Transfer to Court en Banc Denied May 8, 1972.

William F. Brown, Sedalia, Court Appointed Attorney for movant.

John C. Danforth, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

This is an appeal by John Wayne Griggs (hereinafter movant) from an order overruling his motion to vacate a judgment sentencing him to imprisonment for twenty years upon his conviction of armed robbery. Rule 27.26, V.A.M.R. He appealed the armed robbery conviction and that judgment was affirmed in State v. Griggs, Mo., 445 S.W.2d 633 (October, 1969). This appeal was pending in this court prior to January 1, 1972, and we retain jurisdiction to make final disposition of the case pursuant to paragraph 4, § 31, 1970 amendment to Article V, Constitution of Missouri, V.A.M.S. We affirm.

Movant alleged in his motion and he contends on this appeal that the trial court in the armed robbery case failed to accord him a hearing " * * * to determine his competence to stand trial, where in fact there was 'substantial doubt' as to his ability to competently converse with his attorney or aid him with the defense." He asserts that failure to accord him this hearing denied him a fair trial and due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States. He cites and relies primarily upon Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815; Brizendine v. Swenson, 302 F.Supp. 1011; Goodwin v. Swenson, 287 F.Supp. 166.

At the hearing on the motion to vacate it was shown that by agreement between the parties a psychiatric examination of movant was ordered by the trial court. After the examination and before trial of the armed robbery case, doctors designated to make the examination made and filed a detailed report of their findings and, in accordance with § 552.020, para. 3, subparagraphs (3) and (4), stated their opinion (1) that movant had no mental disease or defect within the meaning of § 552.010; (2) that movant had the capacity to understand the proceedings against him and to assist in his own defense; and (3) that movant knew and appreciated the nature, quality and wrongfulness of his conduct and was able to conduct himself according to the requirements of the law.

■ Evidence at the hearing on the motion further shows that neither the state, the accused, nor his counsel questioned or contested the opinion of the doctors. Hence, there was no requirement under § 552.020, para. 6, that the court hold a hearing, unless the court determined on its own motion that a hearing was necessary. The court did not hold a hearing, apparently for the reason that there was nothing in movant's manner or demeanor to suggest that he was unable to understand the proceedings against him or incompetent to assist in his defense. Lane Harlan, principal counsel for defendant, testified that he saw no necessity for a hearing, that in his opinion movant was able to understand the nature of his act and its consequences, and that he understood the proceedings against him and was able to assist in his defense; that as a matter of fact, " * * * he was actually quite cooperative," and responsive in discussions of the case; that he requested the mental examination of movant only because movant had suggested it; that he would not have made the request without the suggestion, because his observation of movant convinced him that he was competent and that a mental examination was not necessary. J. R. Fritz, also counsel for mov-

ant, testified, in substance, that his observation of movant was that he understood the proceedings against him, and that not only was he " * * * able to participate in his defense and make suggestions and discuss the case intelligently * * *, he did."

Based on this evidence, the court found and concluded that movant was at the time of the trial of the robbery case capable of aiding and assisting in his defense and that he had no mental disease or defect which would exclude responsibility for the robbery.

In McCormick v. State, Mo., 463 S.W.2d 789, the court rejected the same contention made in this case, stating at l. c. 790: "V.A. M.S. § 552.020 requires only that the trial court *may* hold a hearing on the issue of competency to stand trial on its own motion, and *shall* hold a hearing when the psychiatric report is contested. In our opinion, the provisions of § 552.020 do not conflict with the prevailing federal standards." See also: Collins v. State, Mo., 479 S.W.2d 470 (Division I opinion handed down April 10, 1972). The trial court complied with the requirements of Pate v. Robinson, supra, as applied to the facts of this case. Its findings and conclusions are not clearly erroneous.

■ Movant contends also that he was denied effective assistance of counsel in that counsel failed and neglected to contest the opinion of the psychiatrists and request a hearing. Aside from the bare assertion of movant that counsel should have objected to the psychiatric report, there is no basis shown for contesting the report. Counsel for movant in the robbery case stated that he knew no reason why he should contest the report and movant has demonstrated none. If movant is to convict his counsel of ineffective representation in this respect, he is required to show that there was some basis for questioning the report. Franklin v. State, Mo., 455 S.W.2d 479, 481–485 [1–5]; State v. Brizendine, Mo., 433 S.W.2d 321,

333 [11]. The trial court found and concluded that movant had been represented throughout the proceedings, from the preliminary examination in Magistrate Court through an appeal to the Supreme Court, by diligent and very able counsel and that he had not been denied effective assistance. Our review of the record persuades us that the findings and conclusions of the trial court are not clearly erroneous. State v. Caffey, 457 S.W.2d 657, 660–661 [7].

Movant's last point is that the sentence of twenty years for armed robbery was cruel and unusual punishment in violation of the Eighth Amendment and denied him equal protection of the law in violation of the Fourteenth Amendment, because, of the other two persons charged with participation in this robbery, one was sentenced to ten years' imprisonment on a plea of guilty and the other to seven years' imprisonment on a plea of guilty.

█ Essentially the same point was assigned as error in the motion for new trial in the robbery case. The record in that case shows also that this assignment was presented to the trial court and discussed by court and counsel at the time the court assessed punishment (before motion for new trial was filed) and again when allocution was accorded before sentence. However, the assignment was not briefed in the appellate court and was thereby abandoned. Therefore, that point is not available to movant in this collateral attack on the sentence in the robbery case.

Furthermore, substantially the same point was raised, considered and ruled adverse to this movant's position in State v. McCaine, Mo., 460 S.W.2d 618, 621 [7]. See also State v. Brownridge, Mo., 459 S.W.2d 317, 319 [4, 5]. The trial court found and concluded that the sentence imposed was not excessive, that it was within the range of punishment authorized by § 560.-135, and that there is no evidence that because movant demanded a jury trial the court imposed a sentence in excess of

that imposed on the other robbers who had pleaded guilty. The findings and conclusions of the trial court are not clearly erroneous.

The judgment is affirmed.

All of the Judges concur.