John Wayne GRIGGS, Petitioner,

v.

Harold R. SWENSON, Warden, Respondent.

No. 20514–1.

United States District Court, W. D. Missouri, W. D.

Jan. 5, 1973.

John Wayne Griggs, pro se.

John C. Danforth, Atty. Gen., Stephen D. Hoyne, Asst. Atty. Gen., Jefferson City, for respondent.

## MEMORANDUM ORDER

JOHN W. OLIVER, District Judge.

This is a *pro se* petition for habeas corpus relief from the petitioner's twenty year state sentence for First Degree robbery with a dangerous and deadly weapon. He cites three grounds in support of his petition: (1) that petitioner was deprived of due process because the trial court failed to hold an evidentiary hearing on the issue of the competency of the petitioner to stand trial after a mental examination was completed; (2) that petitioner was deprived of effective assistance of counsel in that counsel for petitioner did not object to the findings set out in the report of the mental examination that was ordered pursuant to § 552.020, R.S.Mo., V.A.M.S. (3) that the sentence imposed by the trial court is in violation of the 6th, 8th, and 14th Amendments because the petitioner was given a much longer sentence than his co-defendants who, unlike petitioner, pleaded guilty to the charge.

The first ground claimed by petitioner is that this case falls within the purview of Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo., 1969). Here, upon the petitioner's request and upon a stipulation between the prosecutor and defense counsel a mental examination was ordered by the trial judge. The report of that examination concluded that the petitioner had "the capacity to understand the proceedings against him and [could] assist in his own defense." No hearing was requested or held on the question of the validity of this finding. The petitioner argues that *Brizendine* required the trial judge to order a hearing after the report was compiled.

■ The holding of *Brizendine*, however, under the exceptional circumstances presented in that case, was never intended to be applied indiscriminately, regardless of factual circumstances. The principles of neither *Brizendine* nor Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966) are applicable beyond the factual circumstances presented in those cases. The report involved in *Brizendine* and the manner in which that report was handled involved an entirely different situation than that presented in this case.

In *Brizendine* the Supreme Court of Missouri reliably found on direct appeal that neither defense counsel, the prosecuting attorney, nor the trial judge who eventually tried the case were aware of the petitioner's rights under either state or federal law. The doctor's report, which was eventually used by defense counsel in an effort to establish that the defendant was not criminally responsible at the time of the offense, is strikingly different from the report involved in this case. We agreed in *Brizendine* with Judge Seiler's conclusion that it could not be fairly said that petitioner's trial counsel was satisfied with the report.

In this case, the Supreme Court of Missouri reliably found that the petitioner's trial counsel was familiar with and in fact accepted the report, concluded that there were no proper grounds for contesting the findings of competency and, therefore, requested no hearing pursuant to § 552.020(6), R.S.Mo., V.A.M.S.

■ The petitioner's reliance on *Brizendine* to support his effective assistance of counsel ground is likewise misplaced. The factual circumstances here are far different than those presented in that case. The Supreme Court of Missouri in considering petitioner's 27.26, V.A.M.R., motion reliably found that defense counsel was well aware of the provisions of § 552.020, R.S.Mo., V.A.M.S., and that he stipulated to a mental examination under that section. Griggs v. State, 479 S.W.2d 478 (Mo., 1972). The Supreme Court of Missouri also reliably found that defense counsel had no reason to believe that a hearing was necessary. He testified at the 27.26 hearing that he "saw no necessity for a hearing, that in his opinion movant was able to understand the nature of his act and its consequences, and that he understood the proceedings against him and was able to assist in his defense." 479 S.W.2d at 480.

The last ground involves, first, a serious exhaustion question. The petitioner raised the ground in his motion for a new trial but did not do so on direct appeal. Accordingly, the Missouri Supreme Court refused to consider it in the Rule 27.26 motion. The government argues that this fact bars the federal court from considering that ground in this habeas corpus proceeding. We need not reach this question though for we find that the petitioner's contention cannot stand on the merits.

Petitioner's final ground presents the question of judicial discretion in sentencing. The petitioner's co-defendants received sentences of ten and seven years, respectively, when they pled guilty to the armed robbery charge. Habitual criminal charges against each were dropped as a result of those pleas. The petitioner pled not guilty to the two charges, was convicted, and sentenced to twenty years imprisonment. The petitioner challenges his sentence as excessive and imposed as punishment for exercising his constitutional right to trial by jury.

The state cases are uniform in finding no violation of constitutional rights in the above circumstances. State v. Brownridge, 459 S.W.2d 317, 319 (Mo., 1970), held without discussion that when the sentence is within the statutory range there is no violation of the Eighth Amendment. State v. McCaine, 460 S.W. 2d 618 (Mo., 1970) is in accord.

United States v. Wiley, 278 F.2d 500 (7th Cir., 1960), however, appears to state the constitutional standard in exceptional cases—e. g., where a plea of not guilty is the only reason for a harsh sentence—a court may review the constitutionality of a sentence. Later cases

have supported the rationale of *Wiley* but have consistently found no evidence on the record that the judge improperly considered only the not guilty plea in setting the sentence. See, e. g., United States v. Carty, 447 F.2d 964 (5th Cir., 1971), and Baker v. United States, 412 F.2d 1069 (5th Cir., 1969).

We conclude that the same situation exists in regard to this case. While the sentencing judge did mention the co-defendants' guilty pleas there is no evidence that that circumstance was the basis for the harsher sentence. On the face of the record it cannot be said that the sentencing judge abused his discretion in sentencing the petitioner. Furthermore, we note the following in that connection: the twenty year sentence imposed was within the statutory limit, see Marin v. United States, 352 F.2d 174 (5th Cir., 1965); and the charges under the habitual criminal act were dropped at the time of sentencing.

For the reasons stated, it is

Ordered that petitioner's federal habeas corpus petition should be and the same hereby is denied.