Victor Arture **COLBERT**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 57001.

Supreme Court of Missouri,
En Banc.

June 18, 1973.

**PER CURIAM.**

Respondent, by the Attorney General, has filed a motion herein requesting this Court to vacate its prior opinion filed November 13, 1972 (reported at 486 S.W.2d 219) and to docket the case for resubmission. The motion was filed pursuant to a Memorandum and Order entered April 18, 1973, by the United States District Court for the Western District of Missouri, Western Division, in Victor A. Colbert v. Swenson, Warden, No. 20741–1. Said Memorandum and Order construes the recent case of Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973), as establishing federal constitutional standards with which it concludes that our opinion at 486 S.W.2d 219 is in conflict. The District Court further concludes that this Court, in the light of Fontaine, should have an opportunity to withdraw its opinion and hear the case again. On that basis, the proceeding in the District Court was ordered held in abeyance pending action by this Court on the Attorney General's motion.

We have concluded, for the reasons which follow, that our opinion of November 13, 1972, should not be vacated.

In the first place, it is our judgment that the Fontaine decision is not applicable to the situation in Colbert. Fontaine was not represented by counsel. His petition alleged that his plea of guilty was coerced and for that reason it was not a voluntary plea. He alleged physical abuse, illness from gunshot wounds, other severe illnesses and difficulties resulting from heroin addiction, all of which, he alleged, coerced his waiver of counsel and his uncounseled plea of guilty. The Court's opinion shows that it was dealing only with a plea claimed to be coerced where the record before them did not conclusively show Fontaine was not entitled to relief. Colbert was represented by counsel. He alleged no such circumstances and did not allege a coerced plea of guilty. His grounds for relief are quite different and it seems to us do not bring his case within the Fontaine doctrine. Under cases such as Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, Parker v. North Carolina, 397 U.S. 790, and the recent case of Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235, (decided April 17, 1973, after Fontaine), deprivation of constitutional rights that antedate the plea of guilty does not entitle a defendant to have his plea of guilty vacated. When a petitioner alleges only grounds which, if sustained by evidence, would not entitle him to relief, he is not entitled to a hearing.

In seeking relief, Colbert first alleges that he had inadequate legal representation from October 17, 1968, to October 15, 1969, and he alleges that for three months he had no counsel. However, he entered his plea of guilty November 11, 1969, and he was not sentenced until February 16, 1970, following receipt of a presentence report. His petition does not allege inadequate legal representation at the time of his plea or his sentencing.

Next, Colbert alleges that he was incarcerated a year without trial, during which he was constantly being persuaded by the prosecutor to enter a plea of guilty. However, he does not allege that the prosecutor coerced him into pleading. Hence, Fontaine is inapplicable. Furthermore, the trial judge actually held an extensive hearing on Colbert's motion and the testimony shows that Colbert had reference to conversations which he said occurred in the hallway of the court house in which the

then prosecuting attorney (not the one in office when his plea was entered and he was sentenced) suggested that he plead guilty and said that he would give him 20 years, and in a subsequent conversation, 12 years. However, according to Colbert himself, he rejected both of those suggestions. Hence, he did not act thereon in pleading guilty.

With reference to the claim of incarceration without trial, Colbert does not allege that he sought an earlier trial. He changed lawyers several times, which would cause delay. In addition, he made no complaint of delay and he elected to file a plea of guilty. Under the Brady trilogy, he would not be entitled to have that plea set aside on the basis of earlier delay.

Next, Colbert alleges that he entered a plea of guilty only after the newly appointed prosecutor promised him that he would recommend a 5 year sentence with immediate parole or probation. Again, this is not an allegation of a coerced plea. At most it would amount to an allegation of a plea based on misrepresentation as to what the prosecutor would do, purely in the form of a recommendation. Hence, it does not fall within Fontaine. Furthermore, an examination of the transcript shows that Colbert's own testimony did not fully substantiate this allegation in his petition. It further shows that both the then prosecuting attorney, Frazier Baker, and defendant's own counsel at the time, Granville Collins, testified as to conversations about possible recommendations or the absence of recommendations which were quite different from Colbert's allegations. It shows that Granville Collins, defendant's attorney, testified that he did not tell the defendant that if he entered a plea, the prosecutor would recommend a sentence of 5 years with immediate probation. The trial court heard the testimony and found against the position of Colbert on this proposition. Furthermore, it is extremely significant that an examination of the transcript shows that when the plea of guilty was entered and the prosecutor made no recom-

mendation, no complaint of any kind was made by the defendant or by his attorney or by the defendant's father (himself a third-year law student at the time who had done some work with the Legal Aid Office in Kansas City), who was present and participated in the proceeding. Again, when the defendant was sentenced in February, 1970, after the court received a pre-sentence investigation report and the court then sentenced the defendant to 20 years, there was no complaint by the defendant, by his attorney, or by the defendant's father that the prosecuting attorney had made no recommendation or that the sentence exceeded what the prosecutor said he would recommend. Again, on March 9, 1970, when they all again appeared before the circuit judge on an application for parole and the court denied the parole, no one made any suggestion of or complaint about an alleged failure of the prosecutor to make a recommendation which supposedly he had said he would make. That contention first appears in the motion under Rule 27.26, V.A.M.R., filed a year and a half after the defendant was sentenced and probation was denied.

At the hearing on defendant's motion under Rule 27.26, he amended his petition to include an allegation that he should be granted relief because he was denied an opportunity to see the probation report. This relates solely to whether or not he was entitled to probation and would not be any basis upon which the judgment and sentence of 20 years' imprisonment would be subject to attack. It has nothing to do with whether the plea of guilty was voluntary. Furthermore, the transcript shows that the trial judge clearly informed the defendant, his counsel and his father that he was going to ask for a pre-sentence investigation, that he told the defendant that the statutes permitted the results thereof to be submitted only to the court, and that he stated that the court would be inclined to keep the report confidential. He asked defendant whether this was satisfactory and was told that it was. Defendant specifical-

ly told the court that he was willing for the court to receive the pre-sentence report and act upon it without making it available either to the defendant, his counsel or the state. As noted, this had nothing to do with whether Colbert's plea of guilty was a voluntary plea. It does not entitle Colbert to relief under Fontaine.

Finally, the amendment to the 27.26 motion alleged failure on the part of the trial court to act on a petition for an independent mental examination by a psychiatrist of petitioner's own choice. The transcript of testimony at the 27.26 hearing shows that counsel for the defendant earlier requested psychiatric examination and he was sent to the Fulton Hospital where such an examination was made and a report furnished. Subsequently, the defendant's father prepared a request for an additional psychiatric examination by a psychiatrist of the defendant's own choosing and sent it to counsel for defendant, at that ime a lawyer in Kansas City, plus a lawyer in Fulton. They filed the request at the same time they were permitted to withdraw as counsel (which occurred at the suggestion of the defendant's father). Thereafter, defendant's father employed Granville Collins, who represented defendant thereafter. Neither the defendant nor his father called Granville Collins' attention to the petition for further psychiatric examination nor asked him to present it, and there was never any request thereafter for the court to order such examination. No reference thereto was made at the session at which the defendant entered his plea of guilty, or at the session at which he was sentenced, or the session at which the court took up and acted upon his petition for probation. There is no allegation that the defendant was not competent to enter a plea of guilty, or allegation that the pendency of this motion or the court's failure to act thereon in spite of failure of defendant's counsel to call it to the court's attention had anything to do with causing the defendant to plead guilty. Fontaine does not apply.

It is the Court's view that Colbert's allegations do not fall within the Fontaine ruling nor entitle him to a hearing. Furthermore, the proof at the evidentiary hearing shows clearly that in any event he is not entitled to have his plea of guilty set aside. Under such circumstances, it would serve no useful purpose for this Court to withdraw its opinion and then write another opinion denying relief.

Obviously, in subsequent cases which arise, this Court will have to consider the impact of Fontaine, when and if applicable, together with any subsequent interpretations thereof which the Supreme Court may make.

Respondent's motion requesting the Court to withdraw its opinion of November 13, 1972, is overruled.

FINCH, C. J., and DONNELLY, HOLMAN and HENLEY, JJ., concur.

SEILER, J., dissents in separate dissenting opinion filed.

MORGAN and BARDGETT, JJ., dissent and concur in separate dissenting opinion of SEILER, J.

SEILER, Judge (dissenting).

I respectfully dissent. I would sustain the motion to vacate the prior opinion and would set the case for argument before the court en banc.

It is important to set forth what the basis is of the difference between the courts involved. On November 13, 1972, Division Two of this court affirmed the denial by the trial court of defendant's motion to vacate, stating the record made at the time defendant entered his guilty plea was sufficient to insulate the conviction from subsequent attack in federal habeas corpus proceedings and no evidentiary hearing was required, although one had actually been held in the trial court (486 S.W.2d 219, 221).

On April 18, 1973, the federal district court ruled it would have to conduct a plenary evidentiary hearing in the case on habeas corpus, unless the Colbert decision were reconsidered in the light of Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169, for the reason that neither the trial court nor this court had made specific findings of fact or conclusions of law on the federal questions presented by defendant's post conviction motion, which absence could not be satisfied simply on the conclusion that the record made at the time the guilty pleas were entered was sufficient to show the pleas were entered in compliance with rule 25.04.

Next, the Attorney General filed a motion in Division Two of this court to vacate the Colbert opinion and to docket the case for resubmission. Division Two transferred the motion to the court en banc, and it is this motion which the court is now ruling.

As stated, I would sustain the motion and set the case for argument. As it now stands, only three of the seven judges voting have had the benefit of divisional argument and discussion. In addition, and I think of great importance, the court en banc has not had the benefit of counsel's views as to the Fontaine case, nor as to the subsequent case of Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed. 2d 235, cited and relied on in the per curiam. In the fair and orderly handling of cases, we should not act until both sides have had an opportunity to be heard.

However, if the proposed per curiam is adopted, then we certainly should not leave the impression that the Colbert decision in 486 S.W.2d 219 remains unblemished. That it is not is seen by what the court en banc does in the per curiam to dispose of the same appeal which was before Division Two originally. The divisional opinion says no evidentiary hearing is required on a post conviction motion under 27.26 when the record at the time of the guilty plea shows compliance with rule 25.04. The proposed per curiam does not follow this procedure at all, but instead reviews in detail the record at the 27.26 evidentiary hearing and from this record finds and concludes as follows:

1. That defendant did not act or rely on the promises or suggestions made by the prosecutor when he pleaded guilty.

2. That the facts show defendant made no effort to have a speedy trial and was himself responsible for some of the delay.

3. That the facts do not support the claim that the prosecutor or his own attorney made false promises as to the length of sentence.

4. That he was not misled as to the way the pre-sentence investigation report would be handled.

5. That the facts do not support the claim that the court overlooked or failed to act on defendant's request for an independent psychiatric examination.

In other words, instead of handling the case the way the divisional opinion said would be sufficient in 486 S.W.2d 219, the per curiam does not confine itself to the record made at the time the guilty plea was entered, but instead reviews the record made at the evidentiary hearing held on the 27.26 motion and on the basis of this record arrives at its own findings of facts and conclusions of law on the federal questions raised by defendant's 27.26 motion, on which it is concluded defendant is not entitled to relief. The trial courts, defense counsel, and prosecutors have no way to determine what standard to follow after our action in this case and the area is left in confusion.