**Mitchell Jay SHUBERT, Movant, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 35629.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 7, 1975.

Donald L. Schmidt, Christopher Hexter, Legal Aid Society, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, Gene McNary, Pros. Atty., James Hartenbach, Noel L. Robyn, Asst. Pros. Attys., Clayton, for respondent.

WEIER, Judge.

Movant Mitchell Jay Shubert appeals from a denial of his motion for post-conviction relief. Pursuant to Rule 27.26, V.A.M.R., movant had alleged that he was denied an adequate psychiatric examination and a competency hearing as provided by § 552.020, RSMo 1969, V.A.M.S., and that he received ineffective assistance of counsel. As a result, he asserted that his constitutional rights were violated. The trial court made findings of fact and conclusions of law and denied the relief sought without a hearing. We affirm.

In 1971 movant faced several criminal charges which included, among others, two charges each of burglary second degree and stealing. Before proceeding to trial, movant's court-appointed attorney requested a medical examination of defendant pursuant to § 552.020(2), RSMo 1969, V.A.M.S. The motion for this examination alleged that there was reasonable cause to believe movant was unable to stand trial due to a mental disease or defect. In April, 1971 a court-appointed psychiatrist examined movant and soon thereafter forwarded his report to the court. Both the prosecuting attorney and movant's attorney also received the results of this examination. The psychiatrist concluded that movant had no mental disease or defect and that he was capable of assisting in his defense.

On August 2, 1971, accompanied by his attorney, movant appeared in court. At this time movant withdrew prior pleas of not guilty to all charges and pleaded guilty to each one. Accordingly, he received sentences on five charges as follows: fourteen years on a charge including burglary second degree and stealing and two prior felony convictions; five years for attempt-

ed burglary second degree and two prior felony convictions; fourteen years on another charge including both burglary second degree and stealing; five years for tampering with a motor vehicle without the consent of the owner; and two years for escape from a county jail. All sentences were to run concurrently, so that movant was sentenced to a total of fourteen years on all five charges.

After denial of his 27.26 motion in July, 1973, movant appealed to this court. He raises two contentions of error.

■ Movant first contends that the trial court erred by overruling his motion because he was denied effective assistance of counsel, thereby rendering his guilty plea involuntary. He notes several acts or failures to act by counsel, all of which he maintains bear on his mental competency. According to movant, his attorney doubted his competence even after receiving the psychiatric report, but took no further action, and at the same time failed to inform or advise movant that he could challenge the report by requesting a judicial hearing under § 552.020(6), RSMo 1969, V.A.M.S. However, these contentions were not included in the 27.26 motion as grounds for relief, and are therefore not reviewable. Schleicher v. State, 483 S.W.2d 393, 394[2] (Mo. banc 1972); Maggard v. State, 471 S.W.2d 161, 162[1] (Mo.1971). In his 27.26 petition movant had alleged that counsel was unaware of § 552.020(6) and thus took no further action after receiving the psychiatric report. But this assertion relating to counsel's unawareness of a statutory provision is not argued on appeal and is therefore deemed abandoned. Brown v. State, 492 S.W.2d 762[1] (Mo. 1973); McQueen v. State, 475 S.W.2d 111, 115[3] (Mo. banc 1971).

Movant also claims that his attorney failed to challenge the psychiatric report and neglected to request a judicial hearing on the competency question as provided by § 552.020(6). Such omissions by counsel allegedly deprived movant of an insanity defense. Movant relies on Miller v. State, 498 S.W.2d 79 (Mo.App.1973) and Brizendine v. Swenson, 302 F.Supp. 1011 (W.D.Mo.1969) to sustain this argument. The court concluded in *Miller* that movant had been denied effective assistance of counsel. But this holding was premised on defense attorney's failure to object to a psychiatric report and thus require an adjudication of the competency issue where counsel himself believed his client to be incompetent but still advised a guilty plea. Miller v. State, *supra*, 498 S.W.2d at 86. In the *Brizendine* case a federal district court decided that a habeas corpus petitioner had been rendered inadequate legal assistance because counsel was found in fact to be ignorant of Chapter 552, RSMo 1969, V.A.M.S., and also of petitioner's right to have independent psychiatric assistance at the state's expense. Brizendine v. Swenson, *supra*, 302 F.Supp. at 1021[8].

■ In the instant case, as already mentioned, movant's attorney requested and received a psychiatric examination for him pursuant to § 552.020(2). Since the results of the examination indicated movant to be mentally competent, counsel chose not to contest the report and decided to advise his client to plead guilty. There is no indication that counsel doubted either defendant's competency or the validity of the report. While movant urges that counsel should have challenged the report, no such duty is imposed on a defense attorney. In a case such as this, where serious offenses are involved, attorneys often request mental examinations for defendants under Chapter 552, RSMo 1969, V.A.M.S. Upon receipt of a report that a defendant is competent to stand trial, defense counsel is not obliged to pursue the question and to demand a judicial hearing on the issue. Collins v. State, 479 S.W.2d 470, 471[3] (Mo.1972). We find such circumstances present here. After receiving the report indicating movant's mental competence, his attorney was under no duty to pursue the matter and to contest the results. Here,

movant himself does not challenge the conclusion of the report; i. e., that he was mentally competent. His only objection goes to the examination itself in that it was cursory, and this is insufficient. If a movant is to charge his attorney with ineffective assistance in this regard, he is required to show that there is some basis for questioning the report. Griggs v. State, 479 S.W.2d 478, 480[2] (Mo.1972). This was not alleged in his motion. Based on *Collins* and *Griggs, supra,* there has been no demonstration of ineffective assistance of counsel in this case. Movant's argument to the contrary is therefore without merit.

Movant next contends that even if he is not granted relief on his first point, he is at least entitled to a hearing on his motion, and the trial court erred by not conducting an evidentiary hearing. To sustain this position, movant cites Fontaine v. United States, 411 U.S. 213, 93 S.Ct. 1461, 36 L. Ed.2d 169 (1973). This case involved a habeas corpus petitioner, not represented by counsel, who alleged that his guilty plea was coerced. The Supreme Court there held that petitioners are entitled to an evidentiary hearing under 28 U.S.C. § 2255 "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief  *  *  *.' " Fontaine v. United States, *supra,* 411 U.S. at 215, 93 S.Ct. at 1462. Thus movant argues that the record and files of this case and his motion do not show that under no circumstances could he establish facts warranting relief. But the *Fontaine* rationale has not been extended to cases, such as the instant one, where a 27.26 movant is represented by counsel and where no issue of a coerced guilty plea is present, thus making the relief sought quite different from that in the *Fontaine* case.

Colbert v. State, 496 S.W.2d 12, 13 (Mo. banc 1973); see 39 Mo.L.Rev. 68.

After arraignment, plea of guilty and hearing under Rule 25.04, "[a] 27.26 movant, in order to be entitled to an evidentiary hearing, must plead *facts*, not conclusions, which, if true, would entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing." Smith v. State, 513 S.W.2d 407, 410[1] (Mo. banc 1974). Movant Shubert here asserts the following factual allegations entitle him to relief: that his attorney failed to contest the psychiatric report, failed to request a judicial hearing on the competency issue pursuant to § 552.020(6), RSMo 1969, V. A.M.S., and thus deprived movant of an insanity defense. Such allegations are insufficient to entitle movant to a hearing under the *Smith* standard, *supra.* As we held previously, absent reasonable doubt by court or counsel as to its validity and accuracy, no duty is imposed on a defense attorney to challenge a psychiatric report which contains information that a defendant is competent to stand trial. Counsel is not obliged to pursue the question and to demand a judicial hearing on the issue. Collins v. State, *supra,* 479 S.W.2d at 471[3]. We have already alluded to the facts and circumstances of this case which clearly bring it within the *Collins* decision. Movant has thus failed to allege any facts which, if true, would entitle him to relief. Therefore, the trial court could conclude as a matter of law, without a hearing, that movant should be denied relief. We find no error in the decision appealed from.

The judgment is affirmed.

DOWD, C. J., and CLEMENS and RENDLEN, JJ., concur.