William **LOCKHART**, Movant-Appellant,

v.

**STATE of Missouri, Respondent.**

No. 37995.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 1, 1977.

Huck, Kasten & LaBeaume, Graham W. LaBeaume, St. Louis, for movant-appellant.

John Ashcroft, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Charles B. Blackmar, Sp. Asst. Atty. Gen., John D. Chancellor, Asst. Circuit Atty., St. Louis, for respondent.

NORWIN D. HOUSER, Special Judge.

Motion to vacate a judgment of conviction in the Circuit Court of the City of St. Louis and 15-year sentence for selling heroin, filed under Rule 27.26. Defendant appealed the judgment of conviction to the Supreme Court, charging error in the trial court's refusal to permit him to cross-examine a police officer, the sole witness to the alleged sale, regarding an indictment pending in St. Louis County against the officer charging the officer with second degree murder, and the refusal of the trial court to permit defendant to proceed on his offer of proof that the officer was presently under indictment for second degree murder and had been confined in the county jail for six months or more. The announced purpose of the proposed cross-examination and proof was to show the officer's "reputation and character so the jury may determine whether he is to be believed at all." On appeal the Supreme Court affirmed the conviction, ruling that the credibility of a witness may not be attacked by showing his arrest and a pending charge which has not resulted in a conviction; that it would be error to ask a witness if he had been charged with a crime or had been in jail awaiting trial on a pending charge; that there are exceptions, where the inquiry shows a specific interest of the witness, or where it shows a possible motivation of the witness to testify favorably for the government, or where it shows the testimony of the witness was given in expectation of leniency, but that none of these exceptions was preserved by their presentation to the trial court, and that appellant's brief cannot supply that deficiency. *State v. Lockhart*, 507 S.W.2d 395 (Mo.Sup.1974). (In his brief on the original appeal appellant introduced for the first time the contention that he should have been permitted to cross-examine the officer to elicit evidence as to whether any promises of preferential treatment were made by the state to the officer, in connection with criminal charges against him personally, in return for his testimony. This purpose of interrogation was not mentioned at the trial.)

Thereafter appellant petitioned the federal district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a memorandum and order dismissing the petition for failure to exhaust state court remedies the district judge pointed out that in his motion for a new trial petitioner failed to characterize the trial court's ruling as a violation of a constitutional right; that in its ruling the trial court did not treat the possible constitutional dimensions of the claim, and suggested that petitioner could seek relief in the state courts under Rule 27.26 on the theory that his right to confront witnesses through cross-examination under the Sixth Amendment had been violated, citing cases on the subject. Following this suggestion Lockhart filed this Rule 27.26 proceeding, stating as a ground for vacating the conviction that the trial court denied defense counsel the right to elicit under cross-examination that the only witness to the offense was under indictment for murder, was suspended by the St. Louis Police Department, and was presently free under $25,000 bond, on the ground that this could not be shown unless the witness had been convicted; that defense counsel stated that such information was necessary for the jury to judicially evaluate the credibility of the witness.

The motion under Rule 27.26, submitted by counsel on memoranda of law, was overruled. Movant has appealed.

In his brief filed in this court appellant's sole point is that the circuit court erred in not sustaining his 27.26 motion "for the reason that movant was denied his constitutional right to confront the State's witnesses."

The judgment must be affirmed. Defense counsel, in cross-examining the principal prosecuting witness, did not attempt to inquire into the witness' motivation and reasons for testifying in favor of the State or to determine whether he was testifying under pressure or in the expectation of lenience from the authorities. He merely sought to prove the indictment and incarceration as bearing upon the witness' reputation and character and thus affecting his general credibility, without intimating to witness or court that he desired to test the witness' interest, bias or prejudice. If defendant had sought to probe these questions and had been precluded the court's refusal to permit him to do so would have constituted trial error correctable on appeal and not a proper subject for post-conviction relief under Rule 27.26.

In *Cook v. State*, 511 S.W.2d 819 (Mo. 1974) the Supreme Court was presented with the same situation. Cook, denied relief on his Rule 27.26 motion, contended on appeal that the trial court unconstitutionally limited the scope and nature of his cross-examination of the accusing witness. He wanted to elicit the fact that the witness had previously been convicted of perjury and carrying a concealed weapon. The court refused to permit him to do so. He contended on appeal of the 27.26 ruling that the court's refusal denied him the right of cross-examination and confrontation. In affirming the denial of relief under Rule 27.26 the Supreme Court said, 511 S.W.2d l. c. 821[6]: "There is no merit to this contention for two reasons. First, while the victim of the assault was asked about previous convictions on both direct and on cross-examination, he was not asked whether he had previously been convicted of perjury or of carrying a concealed weapon. Second, if the incident had occurred, it would have been at most a trial error correctable on appeal, and not a proper subject for setting aside a judgment of conviction pursuant to a motion under Rule 27.26."

In the argument portion of appellant's brief, but not mentioned in his sole point on appeal, complaint is made that defense counsel at the trial rendered ineffective assistance by failing "to properly characterize the issue as a constitutional[ly] guaranteed right to confrontation of a State's witness for a showing of possible duress to testify in such a way as to convict the Movant" and failed to make proper objections and properly preserve this issue for appeal. No such contention was alleged as a ground for vacating the judgment and sentence in the motion filed under Rule 27.26. This contention not having been included in the Rule 27.26 motion as a ground for relief is not reviewable. *Shubert v. State*, 518 S.W.2d 326, 328[1] (Mo.App.1975).

The ruling on the Rule 27.26 motion is not clearly erroneous but is correct and proper and is affirmed.

SIMEONE, C. J., and ALDEN A. STOCKARD, Special Judge, concur.