**Lloyd Edward ADAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 28912.**

Missouri Court of Appeals, Western District.

Feb. 26, 1979.

Clifford A. Cohen, Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Weldon W. Perry, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge Presiding, PRITCHARD, J., and WELBORN, Special Judge.

PER CURIAM.

Appellant was convicted by jury December 4, 1974 for first degree robbery. Sentence was affixed at fifteen years. Appellant's conviction was affirmed on direct appeal, *State v. Adams,* 531 S.W.2d 763 (Mo. App.1975).

Appellant then sought post conviction relief pursuant to Rule 27.26. In his motion, Appellant raised only one point:

"8(a) It was error for the trial court to admit into evidence of prior conviction of movant as he was greatly prejudiced thereby."

This appeal was taken from the trial court's summary denial of the motion. The denial was based upon two points:

1. issue should have been raised on direct appeal.

2. prior conviction would have been admissible to impeach Appellant's credibility and such evidence was brought out by defense counsel in anticipation of possible impeachment.

Appellant's brief alleges ineffective counsel at the time of the denial of the motion under Rule 27.26. There being no such allegation in Appellant's motion, this question is not reviewable by this court. *Lockhart v. State*, 548 S.W.2d 291 (Mo.App. 1977); *Shubert v. State*, 518 S.W.2d 326 (Mo.App.1975); *Schleicher v. State*, 483 S.W.2d 393 (Mo. banc 1972).

Rule 27.26 is self-containing as to review of error, findings, conclusion and judgment of trial courts. The question of ineffective counsel was never before the trial court and cannot be permitted to serve as a basis of appeal from the trial court's order.

*Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) does not control here because it is prospective only.

The order of the trial court is affirmed.