STATE of Missouri, Plaintiff-Respondent,

v.

Billy Jim BARNETT,
Defendant-Appellant.

No. 10093.

Missouri Court of Appeals,
Springfield District.

June 7, 1976.

Addendum on Denial of Rehearing
June 15, 1976.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Fred Charles Moon, Springfield, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Billy Jim Barnett seeks reversal of his conviction for first-degree robbery by means of a dangerous and deadly weapon, contending his in-court identification by the victim was tainted by impermissible and suggestive pre-trial procedures. We affirm.

A jury found the defendant guilty of the midnight armed robbery of the clerk of a Springfield market and fixed his punishment at 15 years in prison. Prior to the

trial the defendant's motion to suppress his identification by the clerk was denied. At trial, the clerk, without objection, identified the defendant as the armed man who had robbed him. Extensive cross-examination of the clerk by defendant's counsel failed to shake the clerk's positive identification of the defendant.

Defendant's alibi defense.was rejected by the jury and its verdict was returned June 9, 1975. Motion for new trial was filed June 30, 1975, and the record does not show any application for or extension of time for filing the motion.

The motion for new trial was untimely, is a nullity, and preserves nothing for appellate review. Rule 27.20, V.A.M.R.; *State v. White,* 439 S.W.2d 752 (Mo.1969); *State v. Stevens,* 529 S.W.2d 670 (Mo.App.1975).

We have reviewed the matters required by Rule 28.02, V.A.M.R. and find no error.

Judgment affirmed.

All concur.

### ADDENDUM

Attached as exhibits to defendant's motion for rehearing are certified copies of the trial judge's docket sheets which show, contrary to the *approved* transcript, defendant was in fact granted until June 30, 1975, to file his motion for new trial. Pursuant to Rule 81.12(c) the transcript is ordered corrected to show defendant's motion for new trial was timely filed.

In light of the foregoing we have again reviewed the record concerning the defendant's complaint of his in-court identification by the store clerk. Defendant failed to preserve this point by timely and appropriate trial objection. *State v. Brownridge,* 459 S.W.2d 317 (Mo.1970); *State v. McFadden,* 530 S.W.2d 440 (Mo. App.1975). Further, the clerk's viewing of the defendant during the course of the robbery afforded him an independent basis for the in-court identification and any alleged improper pretrial identification procedures do not render the admission of the identification testimony a miscarriage of justice or plain error. *State v. Tidwell,* 500 S.W.2d 329 (Mo.App.1973).

The motion for rehearing is denied.