Jimmie Lee WILLIAMS,
Defendant-Appellant,

v.

STATE of Missouri, Plaintiff-Respondent.

No. 37849.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 15, 1977.

Motion for Rehearing and for Transfer
Denied April 15, 1977.

Application to Transfer Denied
June 14, 1977.

Preston Dean, Asst. Atty. Gen., John D.
Ashcroft, Atty. Gen., David L. Baylard, Jef-

ferson City, George A. Peach, Terrence J. O'Toole, St. Louis, for defendant-appellant.

Robert C. Babione, Public Defender, Mary Louise Moran, Jeffrey J. Shank, Asst. Public Defender, Sarah T. Harmon, St. Louis, for plaintiff-respondent.

GUNN, Judge.

Movant appeals from a denial of his Rule 27.26 motion to vacate the 25 year sentence imposed upon him after conviction for assault with intent to kill. Movant's appeal raises four points of alleged error, none of which is meritorious.

▇ Movant first argues that the conviction and sentencing under the charge of assault with intent to kill with malice aforethought, a felony under § 559.180 RSMo. 1969,[1] instead of attempted murder, deprives him of equal protection of the laws. Movant reasons that the charge of assault with intent to kill with malice aforethought carries a range of punishment from two years to life imprisonment; that under § 556.150(2) attempted murder carries a maximum penalty of 10 years imprisonment. According to movant, the elements of the two crimes are the same; hence, the movant argues, the two crimes must bear the same penalty—in this case a maximum of 10 years imprisonment. In rejecting this point, we note that the two offenses are not the same. Assault with intent to kill with malice aforethought requires proof of an assault. See State v. Buckhanan, 416 S.W.2d 166 (Mo.1967). Actual assault is not necessarily essential to prove attempted murder. The two offenses are separate and distinct crimes. In any event, the identical contention raised here by movant was ruled on in Turnbough v. State, 533 S.W.2d 609 (Mo.App.1975), where it was specifically held that the § 559.180 crime of assault with intent to kill with malice did not fall within the purview of the § 556.150 attempt statute; that no error occurred in prosecuting under the assault statute rather than the attempt statute which carried a lesser penalty. Such is the case here.

▇ Movant's second and third points charge that he was prevented from presenting the testimony of Walter O'Neal, an eyewitness to the assault resulting in movant's conviction. Movant contends that the prosecutor threatened to cross-examine O'Neal on an unrelated arson charge and prosecute O'Neal on such charge if he testified. O'Neal asserted his Fifth Amendment rights and did not testify. Movant argues that the threat of improper cross-examination on the arson charge effectively removed O'Neal as a witness. The matter of the cross-examination of O'Neal was specifically dealt with and disposed of in movant's direct appeal of his conviction. In State v. Williams, 525 S.W.2d 395 (Mo.App. 1975), it was held that "[a]ppellant [movant] had the right to call O'Neal as [a] witness, and there is absolutely nothing in the record to indicate that if he was called and testified the trial court would not have required the cross-examination to have been kept within the authorized and permissible limits. We are not to assume that the court would not have ruled correctly on any objection made to a question issued on cross-examination. . . . Appellant had the right to call O'Neal as a witness subject to the rules applicable to all such witnesses, and there is nothing to indicate that the appellant was in any way denied that right." Id, at 397. In view of the foregoing, we need not further consider the issue regarding the possible cross-examination of O'Neal.

▇ As to the alleged threats of the prosecutor that he would charge O'Neal with arson if he testified, the prosecutor emphatically denied that he had made any such threats. It is for the trial court to determine the credibility of witnesses in a Rule 27.26 proceeding. Bibee v. State, 542 S.W.2d 540 (Mo.App.1976). The trial court chose to believe the testimony of the prosecutor that no threats of prosecution had been made to O'Neal to prevent his testimony, which, of course is in the trial court's

---

1. Statutory references are to RSMo. 1969.

discretion. *Trice v. State,* 540 S.W.2d 613 (Mo.App.1976).[2]

Finally, movant argues that although the jury was instructed at trial on accident, no self-defense instruction was given. Matters regarding instructions are trial errors, and not properly subject for review on a Rule 27.26 motion. *Lee v. State,* 526 S.W.2d 329 (Mo.App.1975). There was no error in the trial court's refusing to favorably consider movant's contention regarding the failure to give a self-defense instruction.

The judgment is affirmed.

KELLY, P. J., and JAMES R. REINHARD, Special Judge, concur.

---

**2.** Specifically, the trial court found the prosecutor's testimony to be creditable, and O'Neal's not worthy of belief.