**STATE of Missouri, Plaintiff-Respondent,**

v.

**Calvin ROSS, Defendant-Appellant.**

**No. 10488.**

Missouri Court of Appeals,
Springfield District.

July 15, 1977.

Motion for Rehearing or Transfer
Denied July 29, 1977.

Application to Transfer Denied
Sept. 12, 1977.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jeffrey C. Vaughan, Joslyn, Joslyn, Vaughan & Pruett, Charleston, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant Calvin Ross was tried as a habitual criminal for armed robbery and felonious assault. A Mississippi County jury found him guilty of the two felonies and the trial judge sentenced him to consecutive terms of 35 years and 25 years.[1] We affirm.

Defendant was convicted of the armed robbery of the proprietress of a rural Stoddard County liquor store and shooting a man as the latter entered the establishment.

Defendant's first point states: "Appellant's Conviction Under Count II [felonious assault] Is Erroneous Under the Facts and the Law Stated in the Instructions."

The point presents nothing for our review. It is wholly contrary to and in violation of Rule 84.04(d), V.A.M.R., in that it does not ". . . state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why* they are claimed to be erroneous . . . ." (Emphasis added). *M & A Electric Power Cooperative v. True*, 480 S.W.2d 310 (Mo.App.1972); Weier and Fairbank, *Why Write a Defective Brief?*, 33 J.Mo.Bar 79 (1977), and cases cited therein.

Defendant's remaining two points, alleging error in the reception of evidence concerning a brutal sexual assault upon the proprietress by defendant and his companions before they left the store and her trial identification of the defendant, are not preserved for appellate review. Both items of evidence were received without objection. Defendant's motion for new trial makes no mention of the testimony. In his brief defendant urges invocation of the plain error rule found in Rule 27.20(c), V.A.M.R.

The rule that where a defendant fails to make known to the trial court his objection so that he might obtain relief and where he fails to call the alleged error to the attention of the trial court in his motion for new trial, he cannot, with few exceptions, raise it for the first time on appeal, is solidly anchored in this state. And, the plain error proviso of Rule 27.20(c) was not intended to be a catchall for appellate courts to convict a trial court of alleged errors which were not asserted at trial or in the motion for new trial. As the rule states, it is only when the reviewing court deems that manifest injustice or miscarriage of justice has resulted from a non-preserved trial error that the plain error doctrine is activated.

Because we are not unaware that attacks on Missouri procedure and decisions

---

1. The court ordered the sentences to run consecutively to all penitentiary sentences previously imposed. We affirmed prior convictions of defendant in *State v. Ross*, 523 S.W.2d 841 (Mo.App.1975), in which prison terms totalling 55 years had been adjudged.

oft find a friendly audience in some halls of the federal system of jurisprudence, we have reviewed the trial transcript to determine whether plain error infected the defendant's trial so as to bring about manifest injustice or result in a miscarriage of justice. We conclude not.

The defendant's guilt was established by overwhelming evidence. The proprietress of the liquor store was beaten by the defendant and his companions and robbed. The insertion of a bottle into her body was part of a continuous occurrence intimately connected with the crime for which the defendant was being tried. *State v. Gray*, 478 S.W.2d 654 (Mo.1972). In such a situation the state is not required to sift and separate the evidence. *State v. Robb*, 439 S.W.2d 510 (Mo.1969).

■ We have also reviewed the defendant's claim with respect to his in-court identification by the store proprietress and find no error. She had ample opportunity to view the defendant during the course of the robbery and this afforded her an independent basis for her trial identification. Any alleged improper pretrial identification procedure did not render the admission of the identification testimony a miscarriage of justice or plain error. *State v. Barnett*, 537 S.W.2d 885 (Mo.App.1976). The witness, under the facts presented, not only had an opportunity to observe the defendant but also, in view of what transpired, to long remember those who subjected her to such criminal abuse.

■ There was no error, plain or otherwise, in the shooting victim exhibiting his wound-scar to the jury. This provided visible and concrete evidence that the victim had in fact been shot. A victim's wounds can be properly shown in evidence. *State v. Curtner*, 262 Mo. 214, 170 S.W. 1141 (1914).

We have examined those matters required by Rule 28.02, V.A.M.R., and find no error.

The judgment is affirmed.

All concur.