Leroy J. HAMPTON,
Defendant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 38401.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Oct. 18, 1977.

Robert C. Babione, Public Defender, James D. Ashwell, Asst. Public Defender, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Frank J. Murphy, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

HERBERT LASKY, Special Judge.

Defendant appeals from a denial of his Rule 27.26 motion. We find no error and affirm the denial.

The trial transcript of defendant's conviction for armed robbery has not been filed with this appeal, but from *State v. Hampton,* 509 S.W.2d 139 (Mo.App.1974), we are able to indite briefly the essential facts leading to defendant's conviction. Police interrupted defendant and a companion in the perpetration of a St. Louis store robbery. Defendant attempted his escape by seizing a customer as hostage, but the defendant's actions proved futile for him. He was shot by police as he fled the store and was captured a short distance from the scene of the robbery. Evidence of defendant's guilt by numerous eye-witnesses was overwhelming.

Defendant raises a multitude of points on his appeal of the denial of his 27.26 motion by the trial court; none is meritorious.

■ Defendant first contends that he was denied a speedy trial by reason of continuances requested by his counsel causing a 15 month delay in the start of his trial. Defendant points out that none of the continuances was authorized by him, but all were done at his counsel's unauthorized volition. We believe that whether a defendant's counsel obtains a continuance for his client—with or without his client's consent or consultation—is a matter of trial strategy not subject to Rule 27.26 reflection on the correctness of such strategy. See *State v. Sanders,* 539 S.W.2d 458 (Mo.App. 1976); *State v. Nolan,* 499 S.W.2d 240 (Mo. App.1973). We also note that one of the continuances was for the purpose of obtaining a mental examination on defendant's behalf.[1]

■ Defendant also claims that he was denied effective assistance of counsel, as his attorney failed to promptly investigate the location of 3 alibi witnesses. The record shows otherwise—at least defendant's trial attorney testified that he had made a thorough investigation of the possible alibi witnesses, and the trial court is the arbiter as to the credibility of witnesses. *Williams v. State,* 550 S.W.2d 821 (Mo.App.1977); *Trice v. State,* 540 S.W.2d 613 (Mo.App.1976). Further, there was rather persuasive evidence that the purported alibi witnesses were fabricated. We find no basis for finding ineffective assistance of counsel as a result of defendant's attorney's investigatory efforts. *Jackson v. State,* 540 S.W.2d 616 (Mo.App.1976).

■ Defendant claims that he was denied his due process of law by the display in evidence of a sawed-off shotgun used in the holdup and the prosecutor's reference to the gun. These were matters subject for direct appeal and not for 27.26 review. *Riley v. State,* 475 S.W.2d 63 (Mo.1972).

1. Defendant cites *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), as to the constitutional criterion for right to speedy trial. But even in *Wingo,* the state continued defendant's case 16 times over a period of 5 years, and the conviction was affirmed. *Wingo* offers no solace for defendant.

Defendant claims that there was insufficient evidence to establish that he had taken any property in the robbery. According to the defendant's logic, an essential element of the crime of robbery was therefore lacking. This point was specifically ruled on in defendant's direct appeal and will not be considered in this 27.26 appeal. *Riley v. State,* supra.

Defendant's final point urges that the 50 year sentence imposed by the trial court was illegal and as a result of the defendant's exercise of his right to trial. There was evidence that the prosecutor had recommended a 25 year sentence after the defendant pleaded guilty; that there was an indication by the trial judge that the recommendation was acceptable. After jury trial and the finding of defendant's guilt, the trial judge imposed a 50 year sentence. We find no illegality in such sentence. It was within the statutory limits. *State v. Vermillion,* 486 S.W.2d 437 (Mo.1972). Further, the trial judge testified at the 27.26 hearing that he was influenced in the sentencing by the fact revealed at trial as to the vicious nature of the crime and defendant's record of 13 prior convictions. A sufficient basis clearly existed for the imposition of the term of punishment. See *Garrett v. State,* 486 S.W.2d 272 (Mo. 1972).

Judgment affirmed.

GUNN, P. J., and WEIER and KELLY, JJ., concur.

ROBERT G. J. HOESTER, Special Judge, concurs in separate concurring opinion.

ROBERT G. J. HOESTER, Special Judge, concurring.

I concur with the Opinion of the learned Judge Lasky. This was a very frivolous 27.26 Motion which should not have been dignified by a written Opinion, but summarily dismissed.