Theodore Roosevelt JOHNSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 40356.

Missouri Court of Appeals, St. Louis District, Division Three.

Dec. 19, 1978.

James W. Sherby, Clayton, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and Michael Elbein, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Jr., Pros. Atty., Clayton, for respondent.

CLEMENS, Judge.

Movant Theodore Roosevelt Johnson (hereafter "defendant") has appealed the summary denial of his Rule 27.26 motion wherein he challenged his conviction for murder and lesser offenses. On direct appeal this court affirmed. *State v. Johnson,* 539 S.W.2d 493 (1976).

On this appeal defendant raises two related points: That the trial court erred by failing to appoint counsel to represent him on his motion and failed to make findings of fact and conclusions of law. (Rule 27.-26(h), (i) and (j)). The determinative issue is whether defendant's motion alleged facts which warranted an evidentiary hearing.

Preliminarily, we note the case of *Fields v. State,* 572 S.W.2d 477, (Mo. banc, 1978), dealing with a post-conviction movant's rights to counsel and an evidentiary hearing. That opinion is expressly prospective and does not therefore control our disposition of this appeal.

Defendant's Point Relied On II challenges the summary denial of his motion. In *Stout v. State,* 543 S.W.2d 797[1] (Mo. App.1976) the court held: ". . . the summary denial of appellant's motion was equivalent to findings and conclusions in opposition to the grounds set out in his motion to vacate." This leads us to the crux of this appeal—whether defendant's pleaded facts warranted an evidentiary hearing. If not, the trial court did not err in summarily denying the motion. We examine the seven grounds alleged in defendant's motion.

By his first ground defendant challenges the qualifications of the grand jurors who indicted him. Defendant could have raised this issue on direct appeal but he did not. We hold this was a "deliberate bypass" and cannot be raised on a Rule 27.26 motion. See *Francis v. Henderson,* 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976); and compare *McCrary v. State,* 529 S.W.2d 467[7, 8] (Mo.App.1975).

By his second, third and seventh grounds defendant claims ineffective assistance of counsel concerning security measures at trial, the voluntariness of his incriminating statement to police, and improper cross examination of an identification witness. Each of these three issues was raised on direct appeal and denied on its merits. Hence, nothing is preserved for review on defendant's Rule 27.26 motion. *Mayo v. State,* 524 S.W.2d 181[2, 8] (Mo.App.1975).

■ Defendant's fourth, fifth and sixth grounds charge ineffective assistance of counsel by inadequately drafting the Points Relied On section of his appellate brief. We find no error in denying these grounds because relief from claimed appellate defects are beyond the scope of a Rule 27.26 motion. *Hemphill v. State*, 566 S.W.2d 200[15–16] (Mo. banc 1978).

■ Since none of defendant's pleaded grounds entitles him to relief under Rule 27.26, no evidentiary hearing was required. *Smith v. State*, 513 S.W.2d 407[1] (Mo. banc 1974).

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.