STATE of Missouri,
Plaintiff-Respondent,

v.

John COLLINS, Defendant-Appellant.

No. 40482.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 17, 1980.

Harris, Kirksey & Thomas, Charles E. Kirksey, Jr., St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

CRIST, Judge.

Defendant was convicted by a jury of second-degree murder and felonious wounding. He was sentenced to concurrent sentences of twenty years and two years, respectively. We affirm.

On August 26, 1977, the victim, his wife, and four year old son were sitting on a ledge outside a St. Louis restaurant. Defendant with a black gun in his hand, approached them. Wife had previously seen defendant on two different occasions while he was talking to her husband. She immediately recognized defendant. Defendant fired four or five shots at her husband,

killing him and injuring her son. Wife later told police she knew defendant had killed her husband. She identified defendant at a lineup and at trial.

 Defendant's first point complains about the failure of the trial court to give his proffered instruction. It was a cautionary instruction pertaining to the jury's receiving with care and caution the testimony relating to wife's identification of defendant. Defendant did not set out the proffered "mistaken identity" instruction in the argument portion of his brief in violation of Rule 84.04(e). Accordingly, the propriety of this instruction is not preserved for review. *State v. Fleming,* 528 S.W.2d 513, 515 (Mo. App.1975). In any event, there was no error in the refusal to give the mistaken identity instruction. Wife's testimony did not indicate she was mistaken about the identity of the defendant. The giving of the cautionary instruction was discretionary. *State v. Higgins,* 592 S.W.2d 151, 161 (Mo. banc 1979). We find no abuse of discretion.

Defendant's second point is insufficient under Rule 84.04(d). The point states, "The trial court erred in admitting state's Exhibit 7 because no chain of custody had been established and therefore the defendant was prejudiced by the admission of the exhibit." Exhibit 7 consisted of a boxed kit containing five cotton swabs used in administering a gun powder residue test to defendant. Defendant failed to show wherein and why "no chain of custody had been established." *State v. Crowell,* 560 S.W.2d 889, 890 (Mo.App.1978). Nothing was preserved for review.

The defendant's point is without merit. The thrust of defendant's argument is that the state did not account for the swabs from the time when the kit was prepared with 5 percent nitric solution until it was used by the testing officer. The defendant contends there was no showing that the 5 percent nitric solution remained uncontaminated. There was direct testimony that one of the five swabs in the kit was a control swab and that testing of that swab showed no contamination. This was sufficient. *State v. Johnson,* 539 S.W.2d 493, 505 (Mo.App.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977).

Judgment affirmed.

DOWD, P. J., and REINHARD, J., concur.