**Calvin ROSS, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 11552.**

Missouri Court of Appeals,
Southern District,
Division One.

July 1, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Richard D. Bender, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Edward F. Downey, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Presiding Judge.

Movant, then defendant, was convicted by a Mississippi County jury (after a change of venue from New Madrid County) of assault with intent to kill with malice aforethought (§ 559.180, RSMo 1969) and armed robbery (§ 560.135, RSMo 1969). The convictions were affirmed upon appeal. *State v. Ross*, 523 S.W.2d 841 (Mo.App. 1975).

Thereafter, and pursuant to Rule 27.26, V.A.M.R., movant, as an indigent prisoner, filed a *pro se* motion to set aside the convictions, *supra*, and the sentences imposed thereon. In accordance with Rule 27.26(h), V.A.M.R., the court nisi appointed counsel for movant and that attorney filed an amendment to subparagraphs 8 and 9 of the motion as originally written. As penned, the amendment is rather repetitive and prolix while covering 12 pages of the transcript on appeal. The matter comes to this court via movant's appeal from denial of his motion without an evidentiary hearing.

Let us first consider some of the ground rules pertinent to this appeal. Even if the circuit court's basis for denying relief was not correct, we must affirm that court's judgment if sustainable for any other reason. *State v. Kimes*, 415 S.W.2d 814, 815[2] (Mo. 1967). Also, a motion under Rule 27.26, V.A.M.R., may not be employed as a second appellate view of questions and matters which were or should have been raised in the direct appeal. *Johnson v. State*, 561 S.W.2d 704, 706[4] (Mo.App. 1978); *Sherrill v. State*, 515 S.W.2d 611, 612[1] (Mo.App. 1974). "A hearing must be held on a motion to vacate, set aside or correct a sentence '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.' Rule 27.26(e). A motion is sufficient to warrant a hearing only if it alleges facts, not conclusions, which if true, warrant relief, if its allegations are not refuted by the files and records of the case, and if the matters complained of caused prejudice to the prisoner. *Haliburton v. State*, 546 S.W.2d 771, 773[1] (Mo.App. 1977); *Voegtlin v. State*, 546 S.W.2d 40, 41[4] (Mo.App. 1977). The burden is on movant to state the facts upon which he bases his claim of ineffective assistance of counsel. *Wimberly v. State*, 549 S.W.2d 101, 103[3] (Mo.App. 1977)." *Tollison v. State*, 556 S.W.2d 455, 457[1, 2] (Mo.App. 1977).

In paragraphs I (subpar. 5) and II of movant's amended 27.26 motion, he claims he was denied effective assistance of

counsel at the criminal trial because his lawyer failed to object to the admission into evidence of two pistols found in an automobile in which movant was riding after the crimes in question were committed. Movant said this constituted evidence of an uncharged crime, i.e., carrying a concealed weapon, and the display of the pistols was inflammatory and prejudicial. This was not ineffective assistance of counsel because the evidence was proper. Evidence which shows that, following the crime charged, defendant and his joint crime-feasor possessed weapons with which the crime was committed is relevant under an exception to the general rule that the state is not ordinarily allowed to show the commission of other crimes. *State v. Kilgore*, 447 S.W.2d 544, 547[3] (Mo. 1969); *State v. Hindman*, 543 S.W.2d 278, 287[27] (Mo.App. 1976); *State v. Armbruster*, 541 S.W.2d 357, 362[5] (Mo.App. 1976).

■ Movant asserts, in paragraph V of his motion, the claim of double jeopardy for having been convicted of both assault and armed robbery. He candidly admits that he raised this point on his direct appeal in *State v. Ross*, supra. As the matter was a point relied on in the direct appeal and was ruled against movant, it is not the proper subject for a Rule 27.26 proceeding. *Maggitt v. State*, 572 S.W.2d 870, 871[1] (Mo. App. 1978).

■ In paragraphs I [subpar. 1(a–g)] and III of movant's 27.26 motion, he asserts ineffective assistance of counsel because his attorney in the criminal cause failed to investigate the facts and the law regarding the selection of the petit jury panel so as to ascertain the disproportionate number of whites over blacks. If there was a variance from the statutory selection process of the panel sufficient to support a challenge to the array, such a challenge should have been made before the jury was sworn. *State v. Robinson*, 484 S.W.2d 186, 188[4] (Mo. 1972). Constitutional objections to a jury's composition may be waived by failure to make timely objections and come too late when raised for the first time in a Rule 27.26 motion. *Hemphill v. State*, 566

S.W.2d 200, 207[14] (Mo. banc 1978); *Thompson v. State*, 569 S.W.2d 380, 382[3, 4] (Mo.App. 1978). Points not raised in the trial court nor on direct appeal from a conviction ordinarily cannot be raised in a Rule 27.26 proceeding [Rule 27.26(b)(3); *Fields v. State*, 468 S.W.2d 31, 32[1] (Mo. 1971)] and a defendant's failure to raise a challenge to the jurors on direct appeal is viewed as a deliberate bypass making the subject inappropriate in a postconviction proceeding. *Johnson v. State*, 574 S.W.2d 957, 958[1] (Mo.App. 1978).

■ Paragraph I [subpar. 2(a–d)] of the 27.26 motion claims ineffective assistance of counsel for failure to move for suppression of the in-court identification of movant, then defendant, by witnesses Hardin and Maxwell because of impermissible suggestiveness of a pretrial show-up. A reading of the opinion in *State v. Ross*, supra, reveals that witness Hardin, the victim of the assault and robbery, had personal confrontation with movant and his accomplice that produced such a high degree of attention for a considerable duration that it was unnecessary for the trial court, even had the matter been raised, to examine the details of the questioned show-up procedures for impermissible suggestiveness. *State v. Morgan*, 593 S.W.2d 256, 258[4] (Mo.App. 1980). The transcript on appeal in the criminal case reveals that after commission of the crimes charged, movant and associates fled in an automobile that became wrecked about a mile from the scene of the events. Witness Maxwell was at the site of the accident "for quite a period of time" while movant et al. "milled around" the damaged car until they departed in another vehicle. This was proof of an independent source upon which witness Maxwell based his in-court identification of movant. Therefore, it was not necessary, via motion or otherwise, to examine the details of the pretrial identification procedure and counsel could not be held ineffective for omitting to do a futile thing. *State v. Little*, 572 S.W.2d 871, 873[1, 2] (Mo.App. 1978). In other words, any number of non-errors cannot add up to an error. They

cannot be employed to gain succor under a Rule 27.26 motion. *Shepherd v. State,* 529 S.W.2d 943, 948[9] (Mo.App. 1975).

■ Under paragraph I (subpars. 4 and 9) of the Rule 27.26 motion, movant asserts his trial counsel in the criminal action was ineffective for failure to object to and pursue alleged errors in two instructions. Averred erroneous trial instructions are not proper subjects for review and consideration in a postconviction motion. *Williams v. State,* 567 S.W.2d 370, 371[1] (Mo.App. 1978); *Jackson v. State,* 558 S.W.2d 816, 818[4] (Mo.App. 1977); *Williams v. State,* 550 S.W.2d 821, 823[5] (Mo.App. 1977); *Edwards v. State,* 535 S.W.2d 124, 125[1] (Mo. App. 1976).

■ Paragraph I (subpars. 6 and 7) of the motion claims ineffective assistance of counsel in failing (1) to call three witnesses (two of whom were movant's accomplices in the crimes charged) who allegedly would testify that movant was target practicing the morning the crimes were committed and thus explain the positive gunshot residue evidence offered by the state and (2) in failing to show that movant and his accomplice brother were in New Madrid County for a funeral and that his brother had borrowed $500 for the trip so as to refute the prosecutor's opening statement that at the time of arrest "these men . . . had some money." As previously seen, defendant was positively identified by the victim and by another as being present at the wreckage of the get-away car. Even assuming movant's partners in crime would voluntarily or via subpoena testify as movant claims (which is doubtful), with the above indicated identification evidence against him, whether or not defense counsel undertakes to produce witnesses suggested by his client is a matter of trial tactics not subject to Rule 27.26 reflection on the correctness vel non of the strategy. *Hampton v. State,* 558 S.W.2d 369, 370[1] (Mo.App. 1977). Concerning the second segment of the complaint, supra, there was an abundance of evidence that the get-away car, when searched after it was wrecked and abandoned, contained $102 in currency and

a shotgun and a St. Jude's Hospital collection box which had been taken during the robbery. When arrested, defendant was possessed of $82 in currency. If it be true that movant's brother had, in fact, borrowed $500 and that the two of them were in New Madrid County to attend a funeral, how the absence of such evidence at the criminal trial was prejudicial to movant wholly escapes us. When, as in this case, movant did not allege in his 27.26 motion that prejudice occurred to him as the result of the averred failure of counsel to produce the supposed evidence, the court was not required to conduct an evidentiary hearing on the matter. *Cloud v. State,* 535 S.W.2d 577, 578[2] (Mo.App. 1976).

■ The other remaining paragraphs and subparagraphs of movant's 27.26 motion contain a repetition of matters previously discussed herein or concern assignments of error not brought forward in his brief upon appeal. In the latter situation no error has been preserved for our review. *State v. Wright,* 515 S.W.2d 421, 432[6] (Mo. banc 1974).

In misplaced reliance on *Wheatley v. State,* 559 S.W.2d 526 (Mo. banc 1977), movant asserts it was error for the court nisi to dispose of the 27.26 motion without notice or opportunity for counsel to amend the motion if the court was of the opinion that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 27.26(e). As noted in the second paragraph of this opinion, the trial court followed the *per se* rule adopted in *Fields v. State,* 572 S.W.2d 477, 483[2] (Mo. banc 1978), and now contained in Rule 27.26(h)(i). By its order of July 12, 1979, made after counsel had been appointed for movant, the court gave movant 15 days to amend his 27.26 motion, gave the state 10 days after the amended motion was filed to file any responsive pleadings and concluded that "[t]his case shall be taken as submitted upon receipt of the final pleading, but in no event later than August 6, 1979." The amended 27.26 motion was prepared by appointed counsel and filed on July 26, 1979. The court's "Findings of

Fact, Conclusions of Law, and Judgment", as required by Rule 27.26(i), were entered of record October 1, 1979.

In *Wheatley* the trial court appointed counsel for movant who had filed a *pro se* motion. However, before an amended motion was filed, the court summarily denied the *pro se* 27.26 motion without giving counsel notice or an opportunity to amend or be heard. As above noted, the court in this case appointed counsel for movant, gave him an opportunity to file an amended motion, which was done, and notified him when the motion would be taken under submission. There is nothing in Rule 27.26 requiring the trial court to advise in advance of its intended ruling on the motion or to permit *ad infinitum* amendments to a motion it finds lacking in entitlement for relief.

Finally, movant's contention that he was prejudiced by the court's failure to comply with Rule 55.33, V.A.M.R. ("Amended and Supplemental Pleadings") is likewise misplaced. As observed in *Clark v. State*, 578 S.W.2d 60, 62 (Mo.App. 1978), a Rule 27.26 motion is indeed a motion as distinguished from other pleadings in Rule 55. The claim of prejudice for the trial court's omission to comply with Rule 55.33 has no merit.

Judgment affirmed.

FLANIGAN, C. J., GREENE and PREWITT, JJ., concur.