Calvin ROSS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 12094.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 9, 1981.

Motion for Rehearing or to Transfer to Supreme Court Denied Dec. 24, 1981.

Application to Transfer Denied
Feb. 16, 1982.

Michael F. O'Rourke, Charleston, for movant-appellant.

John D. Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for respondent.

TITUS, Judge.

Near 2 p. m. December 4, 1973, Calvin Ross (movant herein), his cousin Robert Ross and Charles Williams entered a liquor store. The proprietress of the store was beaten, sexually assaulted by the insertion of a soda bottle into her privates and robbed. A customer in the store was also assaulted. Movant was jury-convicted of robbing the proprietress and feloniously assaulting the customer. These convictions were affirmed upon appeal. *State v. Ross*, 554 S.W.2d 522 (Mo.App.1977). On the same day and shortly after committing the crimes at the liquor store, the same trio drove to a service station-grocery store manned by Willie Hardin. Mr. Hardin was robbed, pistol-whipped and shot in the face causing the loss of an eye. In connection with the latter event, Calvin Ross was charged with and convicted of armed robbery and assault with intent to kill with malice aforethought. The convictions were affirmed in *State v. Ross*, 523 S.W.2d 841 (Mo.App.1975) and his subsequently filed motion to set aside the convictions, per Rule 27.26, V.A.M.R., was denied without evidentiary hearing. The denial of the motion was affirmed in *Ross v. State*, 601 S.W.2d 672 (Mo.App.1980). The instant appeal is from the denial by the trial court, without evidentiary hearing, of movant's Rule 27.26 motion to set aside the convictions and sentences affirmed in *State v. Ross*, supra, 554 S.W.2d 522.

Paragraphs 8 and 9 of the motion here, wherein movant is to state "concisely" his grounds for vacating, setting aside or correcting the convictions and sentence and the facts in support thereof, are prolix, consisting of 20 legal-sized typewritten pages. However, as augmented by movant's brief on appeal and the points relied on, we believe movant's reasons for claiming ineffective assistance of counsel at the criminal trial may be summarized in that the lawyer allegedly failed, either at trial or on direct appeal or both, (1) to file a motion to quash the jury panel because of the unconstitutional discrimination used in the jury selection procedures, (2) to interview and present certain defense witnesses, (3) to object to trial testimony regarding identification of movant as a perpetrator of the charged crimes, (4) to object to trial testimony as to the uncharged sexual assault upon the proprietress of the store, (5) to object to trial instructions, (6) to request separate trials on the charges of assault and robbery and (7) to properly object to evidence exhibits of liquor taken in the robbery.

■ Regarding movant's claim of ineffective assistance of counsel because his lawyer in the criminal case failed to investigate the law and the facts regarding selection of the petit jury panel so as to ascertain the disproportionate number of whites over blacks, we need only repeat what was said in *Ross v. State*, supra, 601 S.W.2d at 675[6–9]: "... If there was a variance from the statutory selection process of the panel sufficient to support a challenge to the array, such a challenge should have been made before the jury was sworn. *State v. Robinson*, 484 S.W.2d 186, 188[4] (Mo.1972). Constitutional objections to a jury's composition may be waived by failure to make timely objections and come too late when raised for the first time in a Rule 27.26 motion. *Hemphill v. State*, 566 S.W.2d 200, 207[14] (Mo.banc 1978); *Thompson v. State*, 569 S.W.2d 380, 382[3, 4] (Mo.App.1978). Points not raised in the trial court nor on direct appeal from a conviction ordinarily cannot be raised in a Rule 27.26 proceeding [Rule 27.26(b)(3); *Fields v. State*, 468 S.W.2d 31, 32[1] (Mo.

1971)] and a defendant's failure to raise a challenge to the jurors on direct appeal is viewed as a deliberate bypass making the subject inappropriate in a postconviction proceeding. *Johnson v. State*, 574 S.W.2d 957, 958[1] (Mo.App.1978)." Movant's urgings with respect to this issue are denied.

■ Movant's assertion of ineffective assistance of counsel because the lawyer failed to interview and present at trial witnesses requested by movant and failed to advise movant concerning "defense and appeal," violates the mandatory requirements of Rules 30.06(d) and 84.04(d). No effort is made in the point to identify the witnesses requested or reveal what their expected testimony would be or demonstrate wherein and why such testimony would have benefited the defense or wherein and why the absence of such testimony was harmful. Likewise, no explanation is undertaken to state what advice counsel should have given movant regarding "defense and appeal" or wherein and why such failure was prejudicial. *Jones v. State*, 600 S.W.2d 189, 190[1] (Mo.App.1980). This court is not obliged to seek through the argument portion of a movant's brief to come by the intendment of abstractions presented under "points relied on." *Warren v. State*, 572 S.W.2d 874, 876[3] (Mo.App.1978). Nevertheless we will briefly consider the point on its merits, if any.

■ Movant contends trial counsel was ineffective for failing to call Joe Ross, Robert Ross and Charles Williams as defense witnesses because these people would have testified that on the morning the concerned crimes were committed, they and movant had been shooting at targets. Such testimony, movant contends, would explain the state's evidence of gunshot residue on movant's hands following his arrest. Movant's cousin Robert Ross and Charles Williams were movant's co-actors in the criminal spree of December 4, 1973, and likewise were charged in connection therewith. The evidence at the criminal trial revealed that shortly after the commission of the two robberies and assaults, the get-away car was wrecked. Found therein was a shot-gun, a quantity of cash and a collection box of charitable contributions taken in one of the robberies. Movant was positively identified by the liquor store manager and a witness to the auto wreck. "Even assuming movant's partners in crime would voluntarily or via subpoena testify as movant claims (which is doubtful), with the above indicated identification evidence against him [and the items found in the wrecked automobile], whether or not defense counsel undertakes to produce witnesses suggested by his client is a matter of trial tactics not subject to Rule 27.26 reflection on the correctness vel non of the strategy. *Hampton v. State*, 558 S.W.2d 369, 370[1] (Mo.App. 1977)." *Ross v. State*, supra, 601 S.W.2d at 676[13]. Movant additionally complains of ineffective assistance of counsel because his trial attorney did not call an optometrist who allegedly would testify movant could not see without glasses. Such testimony, we are told, would refute the positive testimony of the identifying witnesses that movant was not wearing glasses while at the liquor store or at the scene of the car wreck. Again, the decision not to call the optometrist as part of movant's defense, in light of all the other evidence in the case against him, was a matter of trial strategy not reviewable in this proceeding. *Davis v. State*, 600 S.W.2d 613, 614[2] (Mo.App.1980). Movant's claims with regard to these matters are denied.

■ As to the claim of ineffective assistance of counsel because of his failure to object to trial testimony relative to identification of movant as a perpetrator of the charged crimes, we make the following observations. Following the arrest of movant and others, the female victim viewed them in a lineup at the place of incarceration. Defense counsel filed a motion to suppress identification because of the alleged improper lineup. Although the prosecutor, when the motion was called for hearing, said the state would not rely upon the lineup at trial for identification purposes, a hearing on the motion and testimony of witnesses relative thereto was had and the motion was overruled. At trial, and with-

out objection, the proprietress of the store identified movant as one of her assailants. Of course, movant's failure to object to the in-court identification of the proprietress at trial waived any error resulting therefrom for consideration upon appeal. *State v. Barnett*, 537 S.W.2d 885, 886[1] (Mo.App. 1976). Nevertheless, upon the direct appeal in the instant case, it was declared that because of the ample opportunity of the proprietress to view movant during the robbery, which afforded her an independent basis for trial identification, any averred pretrial improper identification procedure did not render unobjected-to admissions of testimony a miscarriage of justice or plain error. *State v. Ross, supra*, 554 S.W.2d at 524[5]. Where a matter is considered on direct appeal for whatever reason, it is proper for the trial court, as was done here, to conclude that it cannot be considered in a post-conviction proceeding. *Pittman v. State*, 604 S.W.2d 638, 640[6] (Mo.App.1980).

■ We next consider the fourth claim of ineffective assistance because the trial lawyer did not object to the testimony of the store's proprietress relating to the uncharged sexual assault. During direct examination of the proprietress she recounted how the robbers applied tape *to* her eyes and mouth and tied her hands behind her back and put her on the floor "and they beat me.... After they beat me I heard a door open and someone came in and in a little bit I heard them shout: 'Shoot the son-of-a-bitch,' and I heard a shot. Then they beat me some more and they took my pants off and stuck a soda bottle in me; and while they were beating me they called me names." As observed in *State v. Ross*, supra, 554 S.W.2d at 524[4]: "The defendant's guilt was established by overwhelming evidence. The proprietress of the liquor store was beaten by the defendant and his companions and robbed. The insertion of the bottle into her body was part of a continuous occurrence intimately connected with the crime for which the defendant was being tried. *State v. Gray*, 478 S.W.2d 654 (Mo.1972). In such a situation the state is not required to sift and separate the evidence. *State v. Robb*, 439 S.W.2d 510 (Mo.

1969)." As can be seen from the recounting of the reference to the sexual assault, the testimony relating thereto was isolated and brief. Moreover, the matter was not repeated and no allusion to the assault was made in closing argument. The testimony was proper and counsel cannot be deemed ineffective for failure to make an objection which would have been doomed to failure. *Scroggins v. State*, 604 S.W.2d 699, 701[4] (Mo.App.1980).

■ Next we consider movant's contention that he was not afforded effective assistance of counsel in his criminal trial because his lawyer failed to object to trial instructions. The two points relied on in movant's brief in reference to this matter simply refer to "Improper Jury Instructions." Neither point undertakes to identify which instructions are claimed to be improper nor wherein and why they were allegedly improper. Where points relied on refer to instructions which cannot be identified without reference to the argument portion of the brief, they preserve nothing for appellate review because appellate courts are not obliged to resort to the argument part of a brief ·to identify the instructions referred to in the point. *Meyer v. St. Louis County*, 602 S.W.2d 728, 739[19] (Mo.App. 1980). Also, Rules 30.06(e) and 84.04(e) provide: "... If a point relates to the giving, refusal, or modification of an instruction such instruction shall be set forth *in full* in the argument portion of the brief...." (Emphasis supplied). The subject instructions are not "set forth in full" in the argument portion of movant's brief and, accordingly, are not preserved for review. *State v. Collins*, 602 S.W.2d 12, 13[1] (Mo. App.1980); *State v. Perry*, 565 S.W.2d 841, 843[3] (Mo.App.1978). Nevertheless, in excess of our duty and to avoid the charge that appeals are dispatched upon technicalities, we will consider the point.

■ Paragraph "First" of both instructions charge "that on December 4, 1973 ... the defendant or others shot ... Norris T. Pullan, Jr., and." Movant's complaint regarding the two instructions given (charg-

ing assault with malice aforethought and assault without malice aforethought) is that movant, then defendant, could be found guilty of a crime committed by others and for which he had not been charged. The error of such reasoning lies in the fact movant ignores that there is a paragraph in both instructions which further requires a finding "from the evidence beyond a reasonable doubt ... that the defendant acted either alone or knowingly and with common purpose together with others in the conduct referred to in the above paragraphs." When the two instructions are read in their entirety, they are not subject to the objection made by movant. *State v. Carey*, 599 S.W.2d 71, 72 (Mo.App.1980).

▆ Movant's penultimate complaint of ineffective assistance of counsel is based on the assertion that his lawyer in the criminal trial failed to ask for separate trials on the count charging robbery of the proprietress of the liquor store and the count charging assault on the customer in the store. Movant concedes that severance of the felony counts was a matter of trial court discretion. However, neither the point relied on nor the argument portion of the brief relating thereto, undertake to state any reason wherein and why movant was allegedly prejudiced by lack of a motion for separate trials. In the absence of circumstances concerning that which we are not advised, we do not see how movant was prejudiced because there was no asking for separate trials. "A continuous transaction involving several legally distinguishable offenses, as occurred in this case, permits the State in a separate trial for any one of the offenses to present evidence as to all the offenses involved.... [Movant] cannot claim prejudice because what would result in a separate trial of each offense would also result when a single trial is held of all offenses." *State v. Williams*, 603 S.W.2d 562, 568[10] (Mo.1980).

▆ Finally, movant's concluding claim of ineffectiveness of counsel is predicated upon the alleged "improper introduction of liquor" evidence at the criminal trial on the basis of the identification thereof by the husband of the proprietress of the liquor store. The point relied on regarding this matter, though written heedless of the mandates contained in Rules 30.06(d) and 84.04(d), has this background. The husband of the proprietress of the liquor store, who was also an operator of the store, was shown a box (State's Exhibit No. 1) of liquor bottles at the criminal trial. When asked concerning the bottles, the husband said they were the same type and brands as the liquor sold in his store. On cross-examination the husband admitted he could not positively identify the bottles as those taken from the store at the time of the robbery. At the conclusion of the state's evidence Exhibit No. 1, along with others, was introduced and received into evidence over defendant's objection that "there has been no proper identification of the liquor or a proper foundation laid that this was the liquor used (sic) or that it was the liquor taken from that store." Movant argues receiving into evidence of the bottles of liquor was prejudicial to his having received a fair trial. There are several reasons this claim has no merit and was properly denied by the court nisi without an evidentiary hearing. In the first place, if there was error in the admission of the liquor bottles as an exhibit at the criminal trial, this constituted trial error which "cannot be brought within the scope of Rule 27.26 by alleging that an unfair trial resulted or that constitutional rights were thereby affected." *Williams v. State*, 530 S.W.2d 740, 742[8] (Mo.App. 1975); *Lane v. State*, 611 S.W.2d 44, 46[3] (Mo.App.1981). Second, as this assignment of error was not presented to the appellate court on the direct appeal from the criminal conviction, it was not available to movant in his Rule 27.26 collateral attack. *Griggs v. State*, 479 S.W.2d 478, 481[3] (Mo.1972). Third, of more importance and which has been either overlooked or ignored by both movant and the state in this appeal, is that shortly after committing the crimes at the liquor store and at the service station-grocery store, the automobile used by the criminal trio was wrecked and abandoned. The liquor bottles represented by Exhibit No. 1, were taken from the wrecked vehicle by a

Sergeant of the Missouri State Highway Patrol, who marked them, kept them in his possession or control until trial time and then at trial made positive identification thereof. As the basis for movant's claim in his Rule 27.26 motion was either inadvertently or purposely false, the trial court cannot be shorted for denying the motion without an evidentiary hearing.

Judgment affirmed.

BILLINGS, P. J., and HOGAN and PREWITT, JJ., concur.