**Richard PAGE, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 43679.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 9, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 19, 1982.

Application to Transfer Denied
May 17, 1982.

Howard E. McNier, St. Louis, for movant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

STEWART, Presiding Judge.

This is a proceeding under Rule 27.26 in which movant seeks to have his conviction for assault with intent to maim with malice aforethought vacated. The trial court dismissed the Motion to Vacate Judgment and Sentence without an evidentiary hearing.

The incident giving rise to movant's conviction took place while movant was incarcerated in the St. Louis City Medium Security Institution. He slashed Mark Moore, another inmate, in the neck with a piece of glass that had been a part of a light fixture in movant's cell.

Movant's first trial for that offense resulted in a mistrial. In that trial Mark Moore, the victim, was called as a witness. Moore did not testify at the second trial in which movant was convicted.

This court affirmed the conviction. *State v. Page*, 580 S.W.2d 315 (Mo.App.1979).

In movant's 27.26 motion he alleged that his trial counsel was ineffective because he failed to call Robert Ingram to testify on movant's behalf; that Robert Ingram "would have testified that movant acted in 'self defense' ...."

We agree with the trial court's finding that the above quoted portion of movant's motion was not an allegation of fact but was conclusory and did not meet the requirements of Rule 27.26. *Trout v. State*, 523 S.W.2d 529 (Mo.App.1975). The movant's motion does not allege any facts that would demonstrate that Ingram would tes-

tify to any elements of the defense of self defense. The bare conclusion that Ingram would testify that "movant acted in self defense" gives no indication of the facts that could have been developed through this witness. *Simpson v. State*, 603 S.W.2d 9 (Mo.App.1980). See also *Rice v. State*, 585 S.W.2d 488 (Mo. banc 1979).

■ Movant contends that he should have had an evidentiary hearing upon the allegation in his motion that " 'Movant will call to testify additional witnesses he desired called for the defense who's (sic) names Movant gave counsel and who were similarly confined to the City Jail and were present on the date and time of the alleged crime and who will all testify that Movant's counsel failed to seek them out and interview them to assert the material aspect of their testimony at trial and whether same was favorable to the defense' . . . ."

This allegation suffers the same malady as the first issue discussed above. It does not identify any of the persons who might be witnesses and fails to state the substance of the testimony that might be expected. It follows that there is no basis for believing that the outcome of the trial would have been affected by the testimony of the unidentified witnesses. *Simpson v. State*, *supra*, at 11; *Dickerson v. State*, 594 S.W.2d 293 (Mo.App.1979).

Such allegations illustrate the sound basis for the requirement that motions under Rule 27.26 state facts, not conclusions, as a foundation for relief. It gives the trial court an opportunity to make a rational determination as to whether there is factual support for relief without the unnecessary expense of frivolous litigation.

The movant's next point relied on reads as follows:

> "*The Findings of Fact, Conclusions of Law and Decision* of the Trial Court were clearly erroneous in overruling Appellant's Rule 27.26 Motion in that the Trial Court should have found ineffective assistance of counsel per se in defense trial counsel's failure to assure the appearance at the second trial by the alleged victim of Appellant's assault who had testified in person at the first trial at which the jury was unable to reach a verdict, as said failure by defense trial counsel is not mere trial error or trial strategy as asserted by the Trial Court."

The State correctly observes that this point does not formulate and isolate the precise issue that defendant expects us to review nor does it advise us wherein and why the trial court erred. *State v. Collins*, 602 S.W.2d 12 (Mo.App.1980).

■ The only reference to the victim's absence in the movant's motion to vacate judgment reads as follows:

> "Movant was deprived of his right to confront and cross-examine the State's sole witness, one, Marl (sic) Moore, at the second trial before a different jury because his lawyer failed to 'object' to the unavailability of Mark Moore at the second trial, all to the 'prejudice' of movant and in violation of movant's rights to 'effective assistance of counsel,' and his Sixth and Fourteenth Amendment rights to 'confront and cross-examine' adverse witnesses . . . ."

We have reviewed movant's argument under this point and find it as confusing as the point relied upon.

A reading of the trial transcript and the legal file leads to the conclusion that attempts had been made by movant to get the victim to drop charges.

We assume that movant's complaint is that his counsel was ineffective because he did not call the victim as a witness on his behalf.

Movant does not tell us in his motion, in the point relied on or in the argument what facts could be expected from the testimony of the victim. We cannot say that movant was prejudiced by the failure of the victim to testify on behalf of movant because we cannot say that the testimony of the victim would be favorable to movant. It does not follow from the fact that there was a hung jury at the first trial that the mistrial was occasioned by the testimony of the victim. Once again movant has failed to plead facts

which if true could entitle him to relief. *Charles v. State,* 570 S.W.2d 700 (Mo.App. 1978).

■ If his complaint under this point is that he was not afforded the right to confrontation, he misconceives that right. Our federal and state constitutions provide that a defendant has the right to confront the witnesses against him. This vests in a defendant the right of cross-examination. *State v. Brown,* 549 S.W.2d 336 (Mo. banc 1977). In this case the victim did not testify at the second trial. Movant had no right to cross-examine witnesses who did not testify against him and thus cannot now complain. *State v. Allen,* 599 S.W.2d 782 (Mo. App.1980).

■ Movant also claims his motion should have been granted because the judge employed the wrong theory to his claim of ineffective assistance of counsel. This issue does not require extensive discussion because we will affirm the trial court if the correct result was reached even if reasons given were not correct. *Ross v. State,* 601 S.W.2d 672 (Mo.App.1980). Even if the reasons behind the judgment are wrong, the judgment will stand if it is correct. Movant's broad assertions fall short of alleging facts that would support his claim of ineffective assistance of counsel. The trial court reached the correct result.

We affirm the judgment of the trial court.

STEPHAN, J., and NORWIN D. HOUSER, Senior Judge, concur.