**STATE of Missouri, Respondent,**

v.

**Glynn Clinton STEELE, Appellant.**

**No. 54053.**

Supreme Court of Missouri,
Division No. 1.

Oct. 13, 1969.

At the outset, we are confronted with the question of what contentions of the appellant are properly before this court on the appeal. The requirements of Criminal Rule 27.20(a), V.A.M.R., that a motion for new trial "set forth in detail and with particularity, * * * the specific grounds or causes therefor" are involved. The pertinent allegations of appellant's motion are:

"3) The State failed to make a submissible case of abortion, in that the acts complained of by the victim were not such as to have caused an abortion.

"4) The State failed to make a submissible abortion case, in that the acts allegedly performed by the defendant were not in violation of the abortion statute.

"5) The Court erroneously admitted into evidence prejudicial hearsay evidence concerning telephone conversations allegedly engaged in by the defendant.

"6) The State failed to establish an abortion case against this defendant, as the evidence adduced established only that the victim had suffered a miscarriage and there was no proof as to the cause of the aforesaid miscarriage."

His points on this appeal are:

"I.

"The Court erred in failing to grant a new trial or the motions to dismiss and to acquit because the State failed to prove that an abortion was not advised by a duly licensed physician or that the acts performed upon the prosecutrix were not necessary to preserve her life.

"II.

"The Court erred in the giving of Instruction Number One, in that the instruction characterized certain acts as an abortion before requiring the jury to find that the acts were not then and there necessary to preserve the life of the prosecutrix.

John C. Danforth, Atty. Gen., Michael L. Boicourt, Asst. Atty. Gen., Jefferson City, for respondent.

Daniel P. Reardon, Jr., St. Louis, for appellant.

WELBORN, Commissioner.

A St. Louis County Circuit Court jury found Glynn Clinton Steele guilty of the offense of abortion and fixed his punishment at one year's imprisonment in the county jail. The offense being a graded felony (§ 559.100, RSMo 1959, V.A.M.S.), the appeal came to this court.

"III.

"The Court erred in allowing the State to introduce hearsay evidence concerning telephone conversations without proper foundation.

"IV.

"The Court erred in failing to grant a new trial or the motions to dismiss and acquit because the State did not prove that an instrument was used during the commission of the acts."

The motion for new trial makes no reference whatsoever to error in instructions. Therefore, Point II is not before us for review. State v. Mathews, Mo.Sup., 328 S. W.2d 642, 644[3]; State v. Brown, Mo. Sup., 332 S.W.2d 904, 908–909[4, 5].

Even affording appellant a liberal view of his motion, we are unable to find any relationship between his Point I and the allegations of his motion for new trial. Therefore, that point is not properly before us.

■ A liberal view of the motion leads us to conclude that Point IV might be considered to be within the purview of Points 4 and 6 of the motion for new trial and we do consider that allegation of error. The charge against the defendant was abortion by means of an instrument and proof of that fact by the state was necessary. Appellant argues that a review of appellate court decisions in this state shows that, in all cases of abortion by instrument, some person was able to testify either to seeing an instrument or to the unquestioned results of instrumentation. However, appellant cites no cases which hold that proof may be only by such methods. Here, the victim testified that defendant came into the motel room where the offense occurred, told her to lie on the bed in a manner which prevented her observation of his actions; that, after the vaginal opening had been stretched, she felt a "cold sensation up in the middle of [her] abdomen." She testified that, from the feeling she experienced, the sensation was caused by "a metal rod of some sort." She further testified that she could feel the object being pressed down five or six times, producing a draining of liquid "like a discharge from my vaginal area."

The witness's acknowledgment that she did not see the object does not affect the probative effect of her testimony, which was clearly adequate to support a finding of the use of an instrument.

■ On the assignment relating to testimony pertaining to telephone calls, the motion for new trial is directed at evidence pertaining to conversations allegedly engaged in by the defendant. We, therefore, do not consider claim on this appeal relating to conversations with others. The appellant was a graduate of a chiropractic school, although he had never been licensed to practice that profession. He testified that he was called "Doc" by some people. The victim testified concerning telephone conversation with a caller who identified himself only as "Doc," and the motion for new trial will be considered addressed to such testimony.

The victim was an unmarried 19-year-old college student. She discussed the possibility of her being pregnant with a friend named Cindy. A few nights later, she received a telephone call from a man who identified himself as a "friend of Cindy's." A few days later she received a call from a man who identified himself as "Doc." This call was received about ten days before the performance of the abortion on May 19, 1967. In the conversation, plans were discussed for the girl to come to St. Louis either that weekend (May 12) or the following weekend. The girl told the caller that she probably couldn't raise the money ($250) before the weekend of May 19. The Wednesday before May 19, the girl received another call from "Doc." She told the caller that she wanted an abortion and that she could have the money by the upcoming weekend. She told the caller that she would be at a roommate's

house in Kirkwood on Friday and gave "Doc" the roommate's house telephone number.

The girl arrived at the Kirkwood house at about 4:30 P.M. on May 19. At about 5:00 P.M., she received a call from a man identifying himself as "Doc." She received another call at around 10:00 P.M., again from a caller who identified himself as "Doc," who directed her to take a cab to the Hampton Cleaners at the intersection of Highway 40 and Lindbergh Boulevard. The girl did so and a man (not defendant) who asked if she was Chris took her to his car, where she gave him the money. The man then went into a motel office and returned shortly, telling her that the doctor's clinic was busy that night so they'd have to bring the clinic to her. She was to go next door to the motel. The girl was left alone in a room at the motel. A short time later, a man, whom the girl identified as defendant, appeared and performed the acts above described. On June 2, the girl passed a mass identified by a doctor as a human fetus.

The general rule is that testimony about a telephone conversation is not admissible absent identification of the caller. State v. Berezuk, 331 Mo. 626, 55 S.W.2d 949, 951–952[4–7]; 31A C.J.S. Evidence § 188, p. 502. However, identification may be shown by circumstances. State v. Berezuk, supra; Carbo v. United States, 9th Cir., 314 F.2d 718, 743[31]; State v. Kladis, 172 Kan. 38, 238 P.2d 522, 525–526[3, 4] [5]. No hard and fast rule determines the adequacy of the circumstances in all cases. 7 Wigmore on Evidence (3rd ed.), § 2155(1) (b), p. 617.

"The broad statement that the conversation of a person at the other end is never admissible until he is identified cannot be sustained by authority. It is particularly inapplicable in prosecution for crimes in which secrecy, anonymity and concealed identity are always resorted to as a means of safe accomplishment, and proof is largely circumstantial, especially when the con-

versation merely forms a part of the res gestae and is offered objectively, as a part of the nefarious scheme. It is only necessary that identity of the person be shown directly or by circumstances somewhere in the development of the case, either then or later." State v. Strickland, 229 N.C. 201, 49 S.E.2d 469, 474[7].

Here, the telephone conversation evidence related to the preliminary plans for the abortion. The plans laid in the conversation were, in fact, followed and resulted in the ultimate meeting of the defendant and the girl. Such circumstances were sufficient to permit the admission of the testimony objected to.

Judgment affirmed.

HOUSER and HIGGINS, C., concur.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.