**STATE of Missouri, Plaintiff-Respondent,**

v.

**Donald Ray TRIMBLE, Defendant-Appellant.**

**No. 11116.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 26, 1980.

John D. Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

James A. Miller, Springfield, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Donald Ray Trimble was found guilty by a Greene County jury of the armed robbery of a Springfield service station and sentenced to 20 years imprisonment. We affirm.

Defendant was charged in a three-count information of the armed robbery of a Vickers service station on December 9, 1976, the armed robbery of a H & M Oil Company service station on December 9, 1976, and the armed robbery of the same H & M Oil Company service station on December 11, 1976. Defendant's companion, Charles Bruce Miller, was tried and convicted in two separate trials for the Vickers robbery [*State v. Miller*, 593 S.W.2d 895 (Mo.App. 1980)] and the December 11 robbery of the H & M Oil Company service station [*State v. Miller*, 593 S.W.2d 898 (Mo.App.1980)]. This appeal arises out of defendant's conviction for the December 9, 1976, robbery of the H & M Oil Company service station.

At the outset, we note that defendant was represented at trial by two retained Kansas City attorneys. After defendant's notice of appeal had been filed, his attorneys were permitted by the trial court to withdraw, defendant's motion to proceed as a poor person was sustained, and a Springfield attorney was appointed to prosecute this appeal.[1]

Several of defendant's points are directed to defendant's trial identification by the service station attendant. As the State points out, the attendant's identification of the defendant came in without objection and was not mentioned in his fourteen-point (eight page) motion for new trial. Alleged error in the admission of evidence is not preserved for appellate review where such evidence is received without objection and not mentioned in a defendant's motion for new trial. *State v. Ross*, 554 S.W.2d 522 (Mo.App.1977).

The endorsement of an additional witness for the State and denial of defendant's request for a continuance were an exercise of discretion by the trial court. We find no abuse of that discretion. *State v. Strawther*, 476 S.W.2d 576 (Mo.1972); *State v. Cuckovich*, 485 S.W.2d 16 (Mo. banc 1972). The prosecutor disclosed the name of the witness to defendant's attorney as soon as he learned of the witness. The witness was defendant's brother-in-law and his proposed testimony dealt with an admission made by defendant. Defendant's attorney had three days in which to interview

---

1. This writer has concluded that such procedure seems to be a common practice in the Circuit Court of Greene County and it is seldom that the trial attorney, retained or court-appointed, handles the appeal of the case. Aside from the inherent delay brought about by the necessity of the appellate attorney familiarizing himself with the "include everything" transcript, and the additional expense occasioned thereby, review is often sought of alleged trial errors which have not been preserved by objection or motion for new trial. Second-guessing of the trial attorney's tactics, with the benefit of hindsight, abounds and plain error review is urged of such "points" in a vast majority of criminal appeals. It is difficult to understand why the attorney who tried the case, retained or appointed, is so freely permitted to relinquish the laboring oar and abandon ship in judicial mid-stream.

the witness, the trial judge gave defendant additional time to talk to the witness, and in fact the witness was interviewed by defense counsel before he testified for the State. The point is wholly without merit.

 Equally without merit is defendant's contention that his oral confessions to officers that he robbed the station in question were involuntary. At the hearing held on his motion to suppress his inculpatory statements there was an abundance of evidence that he was fully and completely advised of his *Miranda* rights and executed written waivers of said rights. His motion to suppress was overruled but the court neglected to make a finding that his statements were voluntary. However, no objection was made to the officers' trial testimony of his inculpatory statements. Defendant thus failed to keep alive and preserve for appellate review the question raised by his motion to suppress. *State v. Toliver*, 544 S.W.2d 565 (Mo. banc 1976); also, the two *Miller* cases, supra.

We have reviewed defendant's remaining points and find no reversible error.

The judgment is affirmed.

All concur.