**STATE of Missouri, Plaintiff–Respondent,**

v.

**Teddy Louis WILLIAMS, Defendant–Appellant.**

No. 11412.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 15, 1980.

Motion for Rehearing or to Transfer Denied Oct. 3, 1980.

Application to Transfer Denied Nov. 12, 1980.

John D. Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

David R. Fielder, Springfield, for defendant-appellant.

BILLINGS, Presiding Judge.

Defendant Teddy Louis Williams, was tried and found guilty by a Greene County jury of the crimes of first degree robbery and armed criminal action. Consecutive 15–year prison terms were entered and defendant lodged this appeal.[1] We affirm the robbery conviction and reverse and vacate the armed criminal action conviction.

The sufficiency of the evidence to sustain defendant's convictions is not questioned. There was substantial evidence from which the jury could find that defendant and Robert Gragg[2] entered the Saga Food Service, located on the campus of Southwest Missouri State University in Springfield, Missouri, and robbed the manager of approximately $4,300 after first striking him with a pistol and threatening to kill him. Defendant and Gragg were taken into custody by Oklahoma officers a short time later when they returned to a motel to retrieve a bag containing money and a revolver which had been inadvertently left outside their room when they departed for Texas.

▮ Defendant contends his confession to Springfield officers was involuntary because induced by threats, and physical evidence located as a result of his inculpatory statement was unconstitutionally tainted. The trial court conducted an evidentiary hearing on defendant's motion to suppress his statement and the physical evidence (checks, bank moneybags, cash boxes) found atop a Springfield motel where defendant and Gragg stayed while in Springfield. We find no error in the court's finding that the defendant's statement met Constitutional standards and denying his suppression motion. Miranda[3] warnings were twice given and defendant executed a "Waiver of Rights" form. There is no support in the record for defendant's assertion he was threatened by the officers.

▮ Citing cases which hold that the silence of a defendant under arrest is not admissible in evidence at trial, defendant avers that the testimony of one of the interrogating officers violated this rule and the court should have granted his motion for a mistrial. First of all, the defendant, at trial, was contending his confession was involuntary and, consequently, the circumstances giving rise to the statement were relevant. Secondly, a reading of the transcript demonstrates that defendant's averment is painted with too broad a stroke. The officer testified that when he and a companion arrived at the Oklahoma jail to interview defendant, and following some preliminary conversation and going over the Miranda warnings with the defendant, the officer asked him if he wanted to "talk to us." The officer stated that in response to this question the defendant replied he wasn't sure at the time what he should do. At this, the officer told the defendant to think about the matter overnight and he would check back with him the following morning. The officers then left the defendant. The next morning, after again being given the Miranda warnings and signing the waiver form, defendant gave the officers his inculpatory statement. Defendant's reply was not "silen[ce] in the face of an accusation" [State v. Trice, 575 S.W.2d 739 (Mo.App.1978), cert. denied 442 U.S. 945, 99 S.Ct. 2891, 61 L.Ed.2d 316 (1979); State v. Fox, 521 S.W.2d 507 (Mo.App. 1975)]. No objection was made to the question to the officer as to defendant's response to the officer's inquiry, nor was there any motion to strike the officer's testimony. State v. Peterson, 546 S.W.2d 175 (Mo.App.1976). Further, defendant has not met his burden of showing how he was prejudiced by the alleged error. As ob-

---

1. As we observed in State v. Trimble, 601 S.W.2d 663 (Mo.App.1980), footnote 1, p. 664, the common practice of the Circuit Court of Greene County of permitting the trial attorney to withdraw and appointing a different lawyer to prosecute the appeal was followed in this case. Consequently, the "include everything" transcript filed herein contains page after page of matters which are not relevant to the issues

to be reviewed and unauthorized by the Supreme Court Rules governing transcripts.

2. See State v. Gragg, 606 S.W.2d 252 (Mo. App.1980) decided this date.

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

served by *Houser, J.*, in *State v. Vernor*, 522 S.W.2d 312 (Mo.App.1975) at 315:

"An error in the admission of evidence, however, does not necessarily call for a reversal of a conviction. Only prejudicial error is reversible error. *State v. Gibson*, 502 S.W.2d 310, 314[2] (Mo.1973). A defendant claiming error in the reception of evidence has the burden of showing both error and prejudice. Appellant does not point out why and in what manner this evidence was prejudicial, except to say that its prejudicial effect is manifest. In such case the conviction is not required to be reversed because of the admission of evidence. *State v. Fitzgerald*, 174 S.W.2d 211, 215[12] (Mo.1943)."

■ Defendant next claims error by the trial court in giving two instructions. The instructions are not set forth in defendant's brief as required by Rule 30.06(e), V.A.M.R., and the purported point preserves nothing for appellate review. *State v. Timmons*, 574 S.W.2d 950 (Mo.App.1978).

■ The admission of blood stained paper tissues as a part of the state's case was challenged at trial by defendant as being inflammatory and prejudicial and of no probative value. The pistol blow to the manager's face caused bleeding and as he was being tied, face down on the floor, he requested some tissues to keep his blood off of the carpet. The tissues corroborated the manager's testimony as to the robber's assault. The admission of demonstrative evidence is a matter that rests primarily within the discretion of the trial court [*State v. Ward*, 569 S.W.2d 341 (Mo.App.1978)] because of its better position to balance the probative value of an exhibit against its potentially inflammatory or prejudicial character. And, such evidence is usually held admissible if it tends to connect the accused with the crime, or prove the identity of the deceased, or shows the nature of any wounds, or corroborates the testimony of the state's witnesses, or throws any rele-

vant light upon any material matter in issue. *State v. Broadnax*, 572 S.W.2d 224 (Mo.App.1978).

■ This brings us to defendant's claim that his convictions for both first degree robbery and armed criminal action violates the proscription of the Double Jeopardy provisions of the Missouri and United States Constitutions.

In recent years there has been much heat but a confusing light cast upon the wandering phenomenon know as Double Jeopardy by the United States Supreme Court. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), ruled that the double jeopardy clause of the Fifth Amendment was applicable to the states by way of the Fourteenth Amendment. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), handed down the same day as *Benton*, declared the clause not only prohibited multiple prosecutions but also multiple punishments for the same offense. Three Constitutional protections are afforded by the guarantee against double jeopardy, according to *Pearce*, i.e., protection against a second prosecution for the same offense after an acquittal,[4] protection against a second prosecution for the same offense after conviction,[5] and protection against multiple punishments for the same offense.

Our supreme court has laboriously striven to plow a straight furrow in the multi-tiered field of Double Jeopardy. In *State v. Treadway*, 558 S.W.2d 646 (Mo. banc 1977), cert. denied 439 U.S. 838, 99 S.Ct. 124, 58 L.Ed.2d 135 (1978), the court squarely ruled that first degree robbery and armed criminal action were in fact and law separate offenses and under Missouri's several offense rule the appellant's double jeopardy protection had not been abrogated by his convictions of both crimes. In rejecting a similar double jeopardy claim in *State v. Valentine*, 584 S.W.2d 92 (Mo. banc 1979),

---

4. Article I, § 19, Mo.Const., prohibits a person being put "again in jeopardy of life or liberty for the *same offense*, after being once *acquitted* by a jury ...." (Emphasis added).

5. *State v. Toombs*, 326 Mo. 981, 34 S.W.2d 61 (1930), holding the common law rule against double jeopardy precludes a second conviction and punishment for the *same offense*.

the court noted that "the legislative result of the armed criminal action statute has been (as held in *Treadway*) to create a separate and distinct crime." 584 S.W.2d at 96.

Along came *Sours* [*Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980)]. A majority of the court determined that charging and convicting a defendant in a single prosecution with both first degree robbery by means of a dangerous and deadly weapon and armed criminal action arising out of the same incident ran afoul of the double jeopardy provision. "[A]rmed criminal action and the underlying felony, in this case robbery first degree are the 'same offense' for double jeopardy purposes." 593 S.W.2d at 210. However, the hidden rocks and concealed roots of earlier decisions of the United States Supreme Court[6] surfaced in *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), with the result that the judgment in *Sours* was vacated and our supreme court directed to reconsider *Sours* in the light, diffused as it may be, of *Whalen*. Our supreme court has now recultivated this fertile field in *Sours II* [*Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980)]. This decision mandates that defendant's armed criminal action cannot stand with his first degree robbery conviction and must be plowed under.[7]

The judgment of the trial court is affirmed as to defendant's conviction for first degree robbery. The judgment is vacated and set aside as to the conviction for armed criminal action.

HOGAN and MAUS, JJ., concur.

---

**6.** *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Harris v. Oklahoma*, 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977); *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978).

**7.** In view of the sharp differences expressed by the Justices of the United States Supreme Court in *Whalen* and *Illinois v. Vitale*, —— U.S. ———, 100 S.Ct. 2260, 65 L.Ed.2d —— (1980), one might well wonder whether the light is now bright and fixed at the end of the Missouri tunnel. See separate dissenting opinions of Judge Donnelly and Judge Rendlen in *Sours II*.