STATE of Missouri,
Plaintiff–Respondent,

v.

Robert Eugene GRAGG, Jr.,
Defendant–Appellant.

No. 11516.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 15, 1980.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 3, 1980.

Application to Transfer Denied Nov. 12, 1980.

John D. Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Wayne C. Smith, Jr., Smith & Cooley, Springfield, for defendant–appellant.

1. See *State v. Williams*, 606 S.W.2d 254 (Mo. App.1980), decided this date.

BILLINGS, Presiding Judge.

Defendant Robert Eugene Gragg, Jr., was tried and found guilty by a Greene County jury of first degree robbery and armed criminal action and received consecutive 30-year prison sentences. We affirm the robbery conviction and reverse and vacate the conviction for armed criminal action.

There was substantial evidence from which the jury could find that defendant Teddy Louis Williams[1] assaulted and robbed the manager of a Springfield food service. Defendant was identified by the victim as the robber who wielded a .38 caliber pistol, brutally struck him, and threatened to "blow your head off" unless he complied with the bandits' demands to open the safe and hand over the firm's money.

Defendant contends prejudicial error was injected into his trial by the court's admission into evidence, over objection, testimony by a state's witness of a telephone conversation purportedly had between defendant and the witness. This allegation of error necessitates our setting forth additional facts.

The robbery took place the night of February 8, 1979, in Springfield, Missouri. The following morning defendant and his accomplice purchased a used 1973 orange–colored Nova automobile from a Springfield car dealer. The next night, February 10, the Nova arrived at the Cherokee Strip Motel in Perry, Oklahoma. Defendant entered the motel office and registered as "Lynn Roberts" and obtained room 49 for two persons. The next morning, after the occupants of room 49 had departed, a cleaning woman discovered a flight bag outside the door of room 49. The bag bore a baggage tag with defendant's name and address. The bag was turned over to the motel manager and local police officers were summoned because a pistol and money had been observed in the bag. The contents of the bag were inventoried and in-

cluded the following: a loaded .38 caliber revolver; $1,054 in bills; rolls of quarters, dimes, nickels and pennies, totalling $171; a bank bag inscribed "Commerce Bank of Springfield"; and, miscellaneous personal items. Later in the day, the motel clerk received a telephone call. The caller said he was "Lynn Roberts" and asked if "we had found a bag he had left behind containing some money and a gun." The clerk informed the caller that the bag had been found and was being held in safekeeping in the motel office. The caller stated he would return and pick up the bag but since he was in Dallas, Texas, it would be about four hours before he could get to the motel. About five hours later the defendant entered the motel office and told the clerk he had returned "for his bag." Oklahoma officers appeared from adjoining rooms and placed defendant under arrest. Williams, who was waiting in the Nova, was also taken into custody.

Defendant argues that because the motel clerk could not identify "Lynn Roberts" voice to be that of the defendant the clerk's testimony concerning the telephone call was hearsay; that without a proper foundation having been laid as to the identity of the caller the clerk's testimony was inadmissible.

The general rule is that testimony about a telephone conversation is not admissible absent identification of the caller. *State v. Berezuk*, 331 Mo. 626, 55 S.W.2d 949 (1932). However, as noted in *Berezuk*, *State v. Steele*, 445 S.W.2d 636 (Mo.1969), and *State v. Rice*, 519 S.W.2d 573 (Mo.App. 1975), identification may be shown by circumstances. 7 Wigmore on Evidence § 2155, (Chadbourn rev. 1978); McCormick's Handbook of the Law of Evidence, § 226 (2d ed. 1972); 22A C.J.S. Criminal Law § 644 (1961). Thus, circumstantial evidence can point to the identity of the person calling even though the recipient of the call cannot identify the voice. Here, defendant checked into the motel as "Lynn Roberts" and was assigned room 49. After the occupants of room 49 departed, a bag was found outside the door of room 49. A caller identifying himself as "Lynn Roberts" made inquiry about the bag, described part of its

contents, and advised he would return to pick it up. Defendant, alias "Lynn Roberts", came to the motel office to pick up "his bag." The jury could properly infer that defendant was the caller who identified himself as "Lynn Roberts." Defendant's point is denied.

As we pointed out in the companion case of *State v. Williams*, 606 S.W.2d 254 (Mo.App.1980), a majority of our supreme court has concluded in *Sours II* [*Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980)] that its earlier opinion in *Sours I* [*Sours v. State*, 593 S.W.2d 208 (Mo. banc 1980)] was correct and the Double Jeopardy Clause of the United States Constitution was violated by convictions of both first degree robbery and armed criminal action. Consequently, we have no alternative and reverse and vacate defendant's conviction for armed criminal action in this case.

The judgment is affirmed as to defendant's conviction for first degree robbery and reversed and vacated as to the armed criminal action conviction.

HOGAN and MAUS, JJ., concur.

