**Robert Eugene GRAGG, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 13931.

Missouri Court of Appeals, Southern District, Division One.

Oct. 30, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 13, 1985.

Application to Transfer Denied Dec. 17, 1985.

---

Elise Branyan, Ronald A. Conway, Springfield, for movant-appellant.

William L. Webster, Atty. Gen., Thomas Carter II, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

Movant, Robert Eugene Gragg, Jr., was jury-convicted of first degree robbery and

armed criminal action, and received two 30-year sentences therefor. On appeal, this court reversed the armed criminal action conviction, by reason of the decision in *Sours v. State,* 603 S.W.2d 592 (Mo. banc 1980), but affirmed the robbery conviction and sentence. *State v. Gragg,* 606 S.W.2d 252 (Mo.App.1980).

As pointed out in *Gragg,* as well as in the companion case of *State v. Williams,* 606 S.W.2d 254 (Mo.App.1980), decided the same day as *Gragg,* there was substantial evidence in the record from which the Gragg jury could have found that on February 8, 1979, Gragg and Teddy Louis Williams entered the SAGA Foods, a food service located on the campus of Southwest Missouri State University in Springfield, Missouri, and robbed the manager of approximately $4,300, after threatening to kill him and striking him in the head with a pistol. Gragg and Williams were captured three days later at a motel in Perry, Oklahoma, after a flight bag owned by Gragg and containing a pistol and approximately $1,200 was left by Gragg at that location and turned over to local police. The police staked out the motel, and when Gragg and Williams returned for the bag they were arrested.

After he was confined in the penitentiary to serve his robbery sentence, Gragg filed a pro se motion to vacate his conviction, alleging ineffective assistance of counsel at the trial court level, which consisted of failing to call certain witnesses for the defense to establish an alibi, failing to file a motion to suppress evidence, and failing to prove that the pistol recovered in Oklahoma, and identified by the robbery victim as the weapon used in the robbery, had been stolen in Oklahoma a few hours prior to the robbery and could not have been the pistol used in the holdup.

After appointment of counsel, the motion to vacate was amended to expand the allegations of ineffective assistance of counsel, alleged the trial court erred in admitting certain exhibits into evidence and making incorrect rulings on evidentiary matters, and to charge the state with various forms of professional misconduct in its presentation of the case to the jury.

The motion court, after evidentiary hearing, made findings of fact and conclusions of law and entered judgment denying the motion to vacate. The motion court, in making its findings, took judicial notice of the original file in the robbery case, including the trial transcript.

In his appeal to this court, Gragg confines his points relied on to claims that the motion court erred in finding that his trial counsel provided effective assistance of counsel because he 1) failed to investigate the facts of the case, 2) failed to subpoena and call witnesses who would have "shown movant's innocence," and 3) failed to move to suppress as evidence the pistol previously mentioned, and the identification of Gragg by the victim.

Our review is limited to a determination of whether the findings, conclusions and judgment of the motion court are clearly erroneous. *Neal v. State,* 669 S.W.2d 254, 259 (Mo.App.1984); Rule 27.26(j).

The only witnesses for movant were himself, his accomplice, Ted Williams, and a former roommate, Vincent Williams. Ted Williams testified that if Gragg's trial attorney, who died before the hearing on the motion, had asked him to testify at Gragg's trial, he would have said that he (Ted Williams) "did the robbery" and that he would not have implicated Gragg. On cross-examination, he admitted that after his arrest, he had given Springfield police a five-page confession in which he had implicated Gragg as the person who had struck the store manager in the head with the pistol during the robbery.

Gragg testified that his trial attorney had only talked to him four times prior to trial, that he did not call Ted Williams, Vince Williams, or other witnesses whose testimony would have exonerated him by providing him with an alibi, and proved that the robbery victim was mistaken in his identification of Gragg as the robber and of the pistol seized in Oklahoma as the pistol used in the holdup.

On cross-examination, Gragg admitted he had not given the addresses or phone numbers of potential witnesses he now says could have helped him at trial, and that he had admitted threatening Ted Williams that he was going to "do him in" when they got to the penitentiary unless he recanted his confession in which he implicated Gragg. In answer to a question as to why he made his allegation in his motion that his trial counsel was ineffective because he had not asked the trial court to define certain legal terms to the jury, Gragg said, "I happen to have a jail house attorney help me prepare this and he found that in there somewhere."

Vincent Williams testified that he was a former roommate of Gragg, that Gragg was in Kansas City on February 10, 1979, and at that time Gragg had a beard, which contradicted testimony of the robbery victim that the person who struck him with the pistol had a mustache but no beard.

Gragg, Ted Williams, and Vince Williams all had prior criminal records, and all were serving time at the time of the hearing.

The only witness called by the state was the assistant prosecuting attorney who tried the state's case against Gragg. He testified that he had personally observed Gragg's trial attorney review the prosecuting attorney's file on the case on two occasions prior to trial.

From this testimony, the trial transcript and the record as a whole, the motion court concluded the belated alibi defense was fabricated, and that Gragg had failed to prove any of the allegations of his motion by the preponderance of the evidence.

We observe that the only way Gragg could have prevailed on his motion was for the motion court to believe his story and that of two other penitentiary inmates who were serving time for their crimes at the time of the motion hearing, and who were Gragg's friends and associates. The motion court did not choose to do so, and, of course, had no duty to do so, even though no contradictory testimony was offered, as the hearing court determines what evidence is to be believed and what is not.

*Pool v. State,* 670 S.W.2d 210, 211 (Mo. App.1984).

The finding of the motion court that movant failed to sustain his burden of proof on the allegations of his motion to vacate is supported by the record. The finding of the motion court that Gragg had effective assistance of counsel at the trial court level is supported by the record.

The findings, conclusions and judgment of the motion court denying relief to movant are not clearly erroneous.

Order affirmed.

TITUS, P.J., and FLANIGAN, J., concur.