CITY OF KANSAS CITY,
Missouri, Respondent,

v.

Wanda ESTILL, Appellant.

No. WD 37581.

Missouri Court of Appeals,
Western District.

Sept. 30, 1986.

Donald E. Raymond, Kansas City, for appellant.

Richard N. Ward, George L. Sharp, Lucille R. Myles, Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and KENNEDY, JJ.

KENNEDY, Judge.

Defendant was convicted upon jury trial of trespass in violation of a city ordinance of Kansas City, Missouri. The proof was that defendant on three separate occasions in violation of instructions of the university officials, had attended—or attempted to attend—social work classes being conducted at the UMKC medical school building at 2411 Holmes Street in Kansas City.

Defendant had applied for enrollment in the class, and had been given temporary permission to attend classes pending acceptance or rejection of her application. The City claims that her application was rejected; that she was so notified and told not to return to class. Appellant claims that her application was not rejected and that she had not been notified of its rejection.

I

Appellant claims here that the court erred in admitting into evidence certain letters from university officials and in allowing testimony of a telephone conversation

by a university security guard with appellant. She also claims that the City made no submissible case of trespass.

Two of the objected-to letters purported to be from a Dr. Meinert to appellant, advising appellant that she was not accepted for enrollment in the course. The third letter purported to be to appellant from Dr. Joan Sherwood, assistant vice-chancellor of student services for the University of Missouri-Kansas City, stating that a Dr. Jackson had advised the writer that appellant was not officially enrolled and that she was therefore denied class participation without the express consent of the instructors. Appellant argues that these letters were not authenticated by the respective writers thereof or identified as business records, hence that they were inadmissible to prove the truth of their contents.

When the letters were offered by the City in its case in chief, the trial court sustained the appellant's objection thereto. The letters were admitted, however, upon appellant's own cross-examination testimony that she had received them. They were admissible to prove that she had received notice that she had been denied admittance, which in her direct testimony she had denied. The court did not err in admitting them.

## II

■ Appellant says the trial court erred in permitting Jerry Garrett, the assistant director of the university police, to testify to a telephone conversation he had with a female voice which he assumed to be that of the appellant. He did not know appellant and was not familiar with her voice.

The telephone call was made to the appellant by Dr. Joan Sherwood from her office telephone. Officer Garrett was present and heard Dr. Sherwood's end of the conversation. He took the phone receiver from Dr. Sherwood and talked with the person on the other end of the line, telling her he had received instructions from university officials to keep appellant out of the medical building. He admonished her not to come to the medical building. The person on the other end of the line said that she understood but that she needed the credit.

There is sufficient intrinsic circumstantial evidence to identify the other participant in the conversation as the appellant to justify the court in its discretion to admit the testimony. *Zimmerman v. Associates Discount Corp.*, 444 S.W.2d 396 (Mo. banc 1969), *overruled on other grounds*, 662 S.W.2d 502 (Mo. banc 1983); *State v. Steele*, 445 S.W.2d 636, 639 (Mo.1969).

## III

■ We think there is sufficient evidence to support the jury's implied finding that appellant was not enrolled in the social work class, and that her attendance was therefore unlawful and constituted a trespass. As the keeper of the records of the extension courses, including those which appellant insisted upon attending, Dr. Poehlman testified that appellant was not enrolled in the social work classes which she attempted to attend. The record does not support appellant's contention that Dr. Poehlman was not qualified as the official custodian of the records he testified from. *See* §§ 490.660-.690, RSMo 1978.

Furthermore, the jury had before it the letters mentioned above—the two letters from Dr. Meinert, and the letter from Dr. Sherwood, which advised appellant she was not enrolled in the course. They were before the jury for all purposes, since no instruction was given or requested that the letters could be considered only for a limited purpose. *Ted W. Greer Construction Co., Inc. v. LaSala*, 642 S.W.2d 379, 381 (Mo.App.1982). *See also Dyer v. Globe-Democrat Publishing Co.*, 378 S.W.2d 570, 581 (Mo.1964); *Zamora v. Woodmen of the World Life Insurance Society*, 157 S.W.2d 601, 606 (Mo.App.1941); *Miller v. State*, 405 So.2d 41, 47 (Ala.Cr.App.1981).

There was no error in the admission of evidence. The evidence was sufficient to support the verdict.

Judgment affirmed.

All concur.