**Robert Earl MILLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50852.**

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 25, 1986.

Motion for Rehearing and/or Transfer
Denied Jan. 13, 1987.

Application to Transfer Denied
Feb. 17, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Timothy W. Anderson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals the denial, after an evidentiary hearing, of his Rule 27.26 motion. We affirm.

In 1983, movant was convicted of first degree burglary and first degree robbery. The convictions were affirmed by this court. *State v. Miller*, 655 S.W.2d 797 (Mo.App.1983). Then, on March 26, 1985, he filed this Rule 27.26 motion. After an evidentiary hearing, the court filed findings of fact and conclusions of law and denied the motion.

In his first point on appeal, movant claims the court erred when it found movant received effective assistance of counsel in making the decision to take the case to trial. He claims trial counsel told him the

case "was better than most he had taken to trial," and that the case could be tried. Relying upon counsel's representation, movant turned down a plea bargain for an eight-to ten-year sentence on one count. He also believed counsel had tried other cases before, when this case was actually counsel's first felony case tried to a jury as leading counsel. Movant's trial counsel testified he was sure he had compared this case to others, and that it was his first felony case tried to a jury as leading counsel. He further stated, however, he believed and still believes the case was triable. He testified the plea bargain was for movant to receive a ten-year sentence to a reduced charge if movant would testify against co-defendant. Movant, however, turned down this plea bargain, stating he knew nothing of the crimes.

■ The court found:

[D]efendant was adequately apprised of the evidence against him and of the facts and circumstances surrounding his case. The court further finds that no threats or promises were made to defendant. Counsel did not mislead him or attempt to instill in him a false sense of confidence or hope regarding his chances of victory at trial. The court finds no evidence that counsel convinced defendant into going to trial in lieu of a plea arrangement. Therefore the court rejects the claim that petitioner gave up the benefit of a plea bargain based upon defense counsel's representations.

This determination was not clearly erroneous. Movant's claimed deception was the result of an inference he drew from the statement he claimed counsel made, and was not the result of a "positive representation" of counsel. *See Huffman v. State,* 499 S.W.2d 565, 569 (Mo.App.1973). The court was not required to believe movant's testimony regarding either the deception or the statement. *Gragg v. State,* 700 S.W.2d 163, 165 (Mo.App.1985).

■ Further, counsel has a duty to discuss his assessment of his client's chances at trial. *Wade v. State,* 698 S.W.2d 621, 623[5] (Mo.App.1985). Movant's allega-

tions are to the effect counsel said he had a good case, not that a favorable outcome was guaranteed. The decision to try the case was rationally based upon an assessment of the evidence, and was not the result of misrepresentations by defense counsel. The point is denied.

In his other point on appeal, movant asserts the court erred in denying his contention concerning the identification at trial of the victim of the crime. He claims this identification was the result of an impermissibly suggestive pre-trial procedure. The issue was preserved for review, as objections were made at every point before and during trial, but the issue was not presented on appeal, as defense counsel believed the chances for success on appeal on this issue were remote and he did not wish to detract from the other points on appeal, which he rated as having higher chances of success.

■ The issue of a possible illegal identification due to an improper pre-trial procedure was abandoned on the appeal, and therefore is not available to movant in a 27.26 proceeding. *Griggs v. State,* 479 S.W.2d 478, 481[3] (Mo.1972). Failure to raise this point on appeal, for whatever strategic or tactical reason, precludes consideration of the point here. *Johnson v. State,* 574 S.W.2d 957, 958[1] (Mo.App. 1978). The point is denied.

The judgment is affirmed.

SATZ, P.J., and KELLY, J., concur.